In the

# United States Court of Appeals

## For the Seventh Circuit

No. 11-1327

LEON MODROWSKI,

*Plaintiff-Appellant*,

*v.*

JOHN PIGATTO, FRANK PIGATTO,
TAQ PROPERTIES, LLC, and
CAPPS MANAGEMENT,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 09 C 7002—**Ronald A. Guzmán**, *Judge.*

ARGUED NOVEMBER 28, 2012—DECIDED APRIL 8, 2013

Before KANNE, WOOD, and SYKES, *Circuit Judges.*

WOOD, *Circuit Judge.* A party that does not bear the burden of persuasion may move for summary judgment "by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If, after an adequate oppor-

tunity for discovery, "the non-movant does not come forward with evidence that would reasonably permit the finder of fact to find in her favor on a material question, then the court *must* enter summary judgment against her." *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994) (emphasis in original) (citations omitted). This is not an onerous burden, yet "[d]espite the rudimentary nature of their task, parties served with summary judgment motions often misconceive what is required of them." *Id.* at 921. As this case aptly demonstrates, such misunderstandings can have harsh consequences for litigants.

# I

Leon Modrowski's tenure as a property manager for TAQ Properties and Capps Management came to a contentious end in 2008. Allegedly in retaliation for Modrowski's unwillingness to skimp on important building repairs, the defendants (TAQ, Capps, and John and Frank Pigatto) fired Modrowski, withheld $11,000 in wages, had Modrowski jailed, and locked Modrowski out of his personal Yahoo email account. This final affront—apparently enabled by Modrowski's ill-advised decision to merge his personal email account with that of his employers—is the focus of this dispute.

In November 2009, Modrowski sued in federal court, challenging the defendants' refusal to relinquish control over his personal email account. The district court issued a temporary restraining order, but apparently it acted too late. Upon regaining access to his account,

Modrowski discovered that several years' worth of his personal correspondence had vanished. Modrowski alleges that the defendants' conduct violated the Stored Wire and Electronic Communications Act (18 U.S.C. § 2701), the Federal Wire Tapping Act (18 U.S.C. § 2511), and the Computer Fraud and Abuse Act (18 U.S.C. § 1030). His complaint also asserts a handful of state-law claims.

The defendants initially moved to dismiss all of Modrowski's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). The district court granted the motion in part, dismissing the first two federal claims with prejudice since Modrowski acknowledged that he voluntarily linked his personal account with the defendants' business account. This concession was fatal to both claims, the court concluded, and Modrowski does not challenge this decision on appeal. The district court dismissed Modrowski's Computer Fraud and Abuse Act claim on a different ground: the complaint failed to allege an injury of at least $5,000, as required for any civil action under the statute. See 18 U.S.C. § 1030(c)(4)(A)(i)(I); (g). The district court dismissed this claim without prejudice, affording Modrowski the opportunity to elaborate on the economic harm caused by the defendants' actions.

When Modrowski returned in July 2010 with his first amended complaint, the defendants moved for summary judgment. The window for fact discovery had closed a month earlier, and neither party had asked the court for an extension. The record at that point, defendants

urged, had "a complete lack of proof concerning all of the essential element[s] of the counts contained in Plaintiff's First Amended Complaint." Since Modrowski would be unable to prove his claims at trial, the defendants argued, summary judgment in their favor was required.

Rather than coming forward with evidence to support the allegations in his complaint or asking the court for more time, Modrowski responded by attacking perceived deficiencies of the defendants' motion. Specifically, Modrowski pointed out that the defendants' motion "d[id] not contain a Local Rule 56.1 Statement, cite to any admissible evidence, or cite to any supporting authority for the substantive law of the case." As Modrowski saw it, he bore no obligation to respond to such a defective summary judgment motion because the defendants "had not met their initial burden as movants." Modrowski chose instead to construe the defendants' motion as a second Rule 12(b)(6) motion to dismiss. Over the course of nine pages, he explained how his factual allegations satisfied every element of each of his six claims.

The district court was not swayed by Modrowski's argument. Noting Modrowski's failure to offer "*any* evidence in response to defendants' motion, let alone evidence sufficient to raise a triable issue of fact," it granted summary judgment to the defendants on Modrowski's Computer Fraud and Abuse Act claim. The court then relinquished jurisdiction over the state law claims and terminated the case.

**II**

On appeal, Modrowski renews the same argument he made to the district court, insisting that his obligation to point to evidence in his favor was never triggered, because the defendants failed to meet their initial burden of production.

Federal Rule of Civil Procedure 56 imposes an initial burden of production on the party moving for summary judgment to inform the district court why a trial is not necessary. *Celotex*, 477 U.S. at 323. Where the nonmovant bears the ultimate burden of persuasion on a particular issue, however, the requirements that Rule 56 imposes on the moving party are not onerous. It does not require the moving party to "support its motion with affidavits or other similar materials *negating* the opponent's claim." *Id.* (emphasis in original). Rather, the movant's initial burden "may be discharged by 'showing'—that is, point out to the district court—that there is an absence of evidence to support the non-moving party's case." *Id*. at 325. Upon such a showing, the nonmovant must then "make a showing sufficient to establish the existence of an element essential to that party's case." *Id*. at 322. The nonmovant need not depose her own witnesses or produce evidence in a form that would be admissible at trial, but she must "go beyond the pleadings" (*e.g.*, produce affidavits, depositions, answers to interrogatories, or admissions on file), *id*. at 324, to demonstrate that there is evidence "upon which a jury could properly proceed to find a verdict" in her favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986) (internal quotation marks and citation omitted).

Modrowski has identified several supposed shortcomings of the defendants' motion, but none of these flaws obviated his responsibility to "go beyond the pleadings" in opposing summary judgment. First, he faults the defendants for failing to file a Local Rule 56.1 Statement of Material Facts. Under the Northern District of Illinois's Local Rule 56.1, a party moving for summary judgment ordinarily must file "a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law." N.D. Ill. L.R. 56.1(a)(3). The local rules provide that failure to provide such a statement can "constitute[] grounds for denial of the motion," and we have "consistently and repeatedly upheld a district court's discretion to require strict compliance with its local rules governing summary judgment." See *Koszola v. Board of Educ. of City of Chi.*, 385 F.3d 1104, 1109 (7th Cir. 2004) (citing *Metropolitan Life Ins. Co. v. Johnson*, 297 F.3d 558, 562 (7th Cir. 2002). It does not follow, however, that district courts cannot exercise their discretion in a more lenient direction: litigants have no right to demand strict enforcement of local rules by district judges. *Stevo v. Frasor*, 662 F.3d 880, 887 (7th Cir. 2011). To the contrary, unless the district court "enforce[s] (or relax[es]) the rules unequally as between the parties," the decision "to overlook any transgression [of the local rules] is left to the district court's discretion." *Id*. (internal quotation marks and citation omitted). No abuse of discretion occurred here.

Relatedly, Modrowski faults the defendants for failing to support their factual positions with appropriate cita-

tions to the record, see Rule 56(c)(1)(A). This argument reflects a fundamental misunderstanding of the legal basis for the defendants' motion. The defendants did not move for summary judgment based on "affirmative evidence that negates an essential element of the nonmoving party's claim"; rather, they were following a "somewhat trickier" path to summary judgment by asserting that the "nonmoving party's evidence [was] insufficient to establish an essential element of the nonmoving party's claim." *Celotex Corp.*, 477 U.S. at 331 (Brennan, J., dissenting). Both approaches are now written into the Rules. See R. 56(c)(1)(B) ("A party asserting that a fact cannot be . . . genuinely disputed must support the assertion by showing . . . that an adverse party cannot produce admissible evidence to support the fact."); Advisory Committee Notes on 2010 Amendments to R. 56 ("Subdivision (c)(1)(B) recognizes that a party need not always point to specific record materials. . . . [A] party who does not have the trial burden of production may rely on a showing that a party who does have the trial burden cannot produce admissible evidence to carry its burden as to the fact.").

Focusing on a representative element of Modrowski's claims helps to illustrate the difference between these two approaches. To prevail on his Computer Fraud and Abuse Act claim, Modrowski would have had the burden of proving that the defendants' actions "caused [a] loss . . . during any 1-year period . . . aggregating at least $5,000 in value." 18 U.S.C. § 1030(c)(4)(A)(i)(I). Were the defendants aiming affirmatively to negate that element—say, by asserting that the evidence irrefutably

showed Modrowski's injury totaled only $2,500—the absence of citations to the evidence on record would be problematic. But that was not the defendants' strategy. They asserted that, if the case went to trial, Modrowski would be unable to produce evidence sufficient to meet *his* burden of proving that his injury exceeded $5,000. Modrowski counters that he was under no obligation to conduct formal discovery, and this is certainly true. See *Praxair, Inc. v. Hinshaw & Culbertson*, 235 F.3d 1028, 1032 (7th Cir. 2000) ("Discovery is costly and in cases in which the stakes are small, or there is a clearly dispositive legal argument, forbearing to conduct discovery is not negligence."). But once the defendants pointed out the gap that they believed existed in Modrowski's case, he was obliged to point to evidence that, if believed by the trier of fact, would be sufficient to show that his loss did in fact exceed $5,000. Modrowski could have come forward with affidavits from would-be business partners who were unable to contact him while he was locked out of his account; he could have submitted receipts reflecting the fees he paid to procure duplicates of lost financial and billing records; or perhaps he might have contented himself with a personal affidavit attesting to the number of hours he devoted to recovering his emails. See *Butts v. Aurora Health Care, Inc.*, 387 F.3d 921, 925 (7th Cir. 2004) (court may consider self-serving affidavits at summary judgment if they are based on personal knowledge and set forth specific facts). Instead, he rested exclusively on his complaint, and this was plainly inadequate. *Celotex Corp.*, 477 U.S. at 325 (Rule 56 does not "allow[]

a party opposing summary judgment to resist a properly made motion by reference only to its pleadings.").

Indeed, Modrowski might have conclusively established most of the material facts alleged in his complaint simply by highlighting the defendants' failure to file a timely answer to his first amended complaint. Generally, a defendant must serve an answer within 21 days of receipt of service of a complaint (or within 60 days if she has waived service); failure to deny an allegation constitutes an admission. FED. R. CIV. P. 12(a)(1); FED. R. CIV. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). While serving a Rule 12 motion tolls the deadline for a defendant to file an answer, filing a Rule 56 motion has no such effect. Compare FED. R. CIV. P. 12(a)(4) with FED. R. CIV. P. 56. The defendants' unorthodox strategy of responding to Modrowski's first amended complaint with a motion for summary judgment, unaccompanied by any other responsive pleading, was thus risky, because Modrowski could have pointed to "admissions on file" to support his allegations. See *Celotex*, 477 U.S. at 324. Modrowski had the burden of presenting these arguments to the district court, however, and he failed to do so.

Finally, Modrowski argues that the defendants failed to meet their initial burden because their motion for summary judgment "does not mention the statute under which defendants believe they are entitled to summary judgment." It is true that the defendants' motion

failed to recite the individual elements of each of Modrowski's claims. Instead, the defendants made the more general assertion that "there [was] a complete lack of proof concerning all of the essential element[s] of the counts contained in Plaintiff's First Amended Complaint." The defendants then supported this argument by discussing Modrowski's failure to conduct discovery and by citing to controlling legal authority (*e.g., Celotex*; *Anderson*; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)). Modrowski's thorough, though misguided, responsive filing—which explained how his complaint validly stated each of his six claims—shows that Modrowski understood at least the scope of the defendants' motion. This may have been the bare minimum, but in this case it sufficed.

### III

We AFFIRM the judgment of the district court.