NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued May 1, 2013
Decided May 7, 2013

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 12-3473

| | |
|---|---|
| CLIFFORD LINNE, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Central District of Illinois. |
| | |
| *v.* | No. 10-3173 |
| | |
| BRIAN ADAMS, et al., | Richard Mills, |
| *Defendants-Appellees.* | *Judge*. |

**O R D E R**

Clifford Linne sued three employees of the Illinois Department of Corrections under 42 U.S.C. § 1983, claiming that they violated the First Amendment by refusing to promote him because of his political affiliation. The district court granted summary judgment for the defendants. Because Linne failed to produce any evidence that his political affiliation was a motivating factor in the decision not to promote him, we affirm the judgment of the district court.

The Department has employed Linne as a guard since 1991. In December 2009, the Department posted three openings for the position of Staff Development Specialist I. The primary responsibility of the incumbent is training new guards. The Department received

50 applications for the 3 positions and invited 10 candidates—including Linne—to interview. Linne interviewed on January 28, 2010.

Brian Adams, the Manager of Staff Development and Training, and Tara Owen, the Hiring Process Manager, sought to ensure that politics would not influence the hiring process. *See Rutan v. Republican Party of Ill.*, 497 U.S. 62, 75 (1990) (concluding that political affiliation may not be the basis for promotions or other employment decisions involving low-level public employees). To that end they created a standard questionnaire and conducted the interviews identically for each candidate. At the beginning of each interview, Adams or Owen read from a script directing the candidate to assume that the interviewers knew nothing about his or her background and explaining that the candidate would be scored based on answers to the questionnaire. The interviewers stuck to the questionnaire and asked only those questions, none of which concerns political affiliation. The questionnaire includes 14 questions that the interviewers scored on a scale of 1 to 4, with 1 being unsatisfactory and 4 being excellent, and a final yes-or-no question. After Adams and Owen had conducted all 10 interviews and scored the candidates, the Department awarded the positions to the three candidates with the highest scores: Charles Cadell, John Clegg, and Ben Tomhave. Linne did not receive an offer.

Linne then filed this suit against Adams and Owen alleging that he "was one of the three most qualified applicants" but was passed over for promotion because he "is not politically active and did not have a political sponsor in [the] Democratic Party." Linne also included as a defendant Neil Rossi, the Regional Manager for Correctional Industries (who recently had been disciplined for influencing hiring decisions based on politics or friendship). Linne accused Rossi of telling Adams and Owen not to promote him based on political biases.

The defendants moved for summary judgment. Rossi argued that he was not involved in the hiring decision and did not discuss the candidates with Adams or Owen, and the two interviewers averred that they did not know the political affiliation of Linne or any candidate. In his response Linne conceded that Rossi was entitled to summary judgment because a jury could not find that he participated in the hiring decision. But Linne opposed dismissing Adams or Owen because, he asserted, when Owen was deposed she had been unable to articulate her specific criteria for scoring the candidates' responses to the questions she and Adams asked during the interviews. Linne pointed out that Owen simply had said she evaluated objectively "whether or not they answer the question in its entirety" and then subjectively "how the candidate articulated that information."

In ruling for the defendants, the district court concluded that Linne lacked evidence that the decision not to promote him was politically motivated: During his deposition Linne had admitted that he does not know the political affiliation of the three successful applicants, does not know how well the other applicants interviewed, and does not know the educational and

professional backgrounds of the other candidates.  Moreover, the court concluded, Owen's difficulty articulating her scoring methodology was not enough by itself to raise a reasonable inference of political influence, and, indeed, was understandable because the interviews had taken place almost two years before she was deposed and the scoring was highly subjective.

Linne has expressly abandoned his claim against Rossi. On appeal he argues that summary judgment should not have been granted for Adams and Owen because, he says, these defendants did not support their motion with any "legitimate explanation" for passing him over.  This argument reflects a misunderstanding of the burden on the moving parties at that stage of the proceedings:  Federal Rule of Civil Procedure 56 "does not require the moving party to 'support its motion with affidavits or other similar materials *negating* the opponent's claim.'"  *Modrowski v. Pigatto*, No. 11-1327, 2013 WL 1395696, at \*2 (7th Cir. Apr. 8, 2013) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  To meet their initial burden, it was enough for Adams and Owen to assert that Linne lacked evidence substantiating his accusation of political influence. *See Celotex Corp.*, 477 U.S. at 325; *Modrowski*, 2013 WL 1395696, at \*2; *MMG Fin. Corp. v. Midwest Amusements Park, LLC*, 630 F.3d 651, 657 (7th Cir. 2011).  Once they pointed out this perceived gap in his case, Linne was obliged to provide evidence demonstrating that a jury reasonably could find in his favor.  *See Modrowski*, 2013 WL 1395696, at \*2; *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).  Adams and Owen would have needed to introduce evidence explaining their decision not to offer the position to Linne *only if* he first had established a prima facie case of political discrimination.  *See George v. Walker*, 535 F.3d 535, 539 (7th Cir. 2008); *Garrett v. Barnes*, 961 F.2d 629, 633 (7th Cir. 1992).

Linne also contends that he presented sufficient circumstantial evidence—pointing to Owen's inability at her deposition to articulate how she scored the candidates' answers to the interview questions—to show that his political affiliation was a motivating factor, *see Brown v. Cnty. of Cook*, 661 F.3d 333, 335 (7th Cir. 2011); *Greene v. Doruff*, 660 F.3d 975, 977 (7th Cir. 2011), in the decision not to promote him.  But Linne's speculation about Owen's difficulty articulating her evaluation criteria does not establish a prima facie case of political discrimination.  Linne offered no evidence about the political affiliation of the 40 candidates who applied but did not get interviews, or of the 6 other applicants who were interviewed but did not get offers.  And he did not dispute that he is unaware of the political affiliation, educational background, and professional qualifications of the candidates who received offers. Linne also conceded that he never told Adams or Owen of his own political affiliation or mentioned it in any documents he submitted for the position, and neither did he contest their affidavits stating that they knew nothing about his politics or the politics of any other candidate.  And though Linne contends that the district court erroneously accepted Owen's testimony as credible, he offered no evidence to challenge her credibility. Standing alone, his accusation that she is lying does not create a genuine issue of material fact, *see Springer v.*

*Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008); *Chicon v. Exelon Generation Co.*, 401 F.3d 803, 814–15 (7th Cir. 2005); *Dugan v. Smerwick Sewerage Co.*, 142 F.3d 398, 406 (7th Cir. 1998), and the inference he would have the jury draw about her testimony is not reasonable. A jury could not reasonably conclude that the defendants passed Linne over for a promotion due to his political affiliation when the undisputed evidence establishes that they knew nothing about it and there is no evidence of an improper motive. *See Brown*, 661 F.3d at 336; *Nelms v. Modisett*, 153 F.3d 815, 819 (7th Cir. 1998).

Finally, Linne argues generally that "summary judgment in employment discrimination claims should be granted sparingly" because the issues of causation in these cases are "inherently fact based" and within "the exclusive province of the fact finder." But, again, he failed to identify any factual dispute about causation or any other material issue in this case, and so summary judgment was appropriate. *See Embry v. City of Calumet City, Ill.*, 701 F.3d 231, 234 (7th Cir. 2012); *Ciomber v. Coop. Plus, Inc.*, 527 F.3d 635, 641 (7th Cir. 2008).

AFFIRMED.