NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted May 6, 2016[*]
Decided May 10, 2016

**Before**

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 15-2338

| | |
|---|---|
| MARION MAKEDA-PHILLIPS, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 12-3312 |
| ILLINOIS SECRETARY OF STATE, et al., *Defendants-Appellees*. | Sue E. Myerscough, *Judge.* |

**O R D E R**

Marion Makeda-Phillips appeals the grant of summary judgment against her in this lawsuit asserting employment discrimination and civil rights violations arising out of her work at the office of the Illinois Secretary of State. The district court concluded that Makeda-Phillips could point to no admissible evidence supporting her claims and granted summary judgment to the defendants. We affirm.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Makeda-Phillips believes that her supervisors discriminated against her by requiring more of her than of white employees who previously held her post. She had been employed as an operations associate in the Administrative Hearings Department of the Illinois Secretary of State, and her duties included processing and distributing mail. She concedes that she was regularly unable to finish her mail duties by the end of each day. Her supervisors counseled her about her performance several times before issuing an oral disciplinary warning in May 2011. Around that time Makeda-Phillips filed a charge of discrimination with the Illinois Human Rights Commission, alleging that her supervisors discriminated against her by insisting that she finish the mail each day on her own even though, according to coworkers, white employees previously had received help with the mail. (Her supervisor, by contrast, attests that in her twenty years' experience one person has always been able to finish each day's mail responsibilities without help.) Makeda-Phillips received a written warning about her job performance in July 2011. Shortly thereafter she filed a second charge with the Commission for retaliation. Her performance did not improve and for several days in April 2012 and June 2012 she was suspended for failing to meet job expectations.

Makeda-Phillips also believes that her supervisors discriminated against her by failing to accommodate her stress disorder. In August 2012 her doctor completed a request for reasonable accommodation form, opining that she suffered from "acute stress disorder," which the doctor said did not affect any of her job capabilities but required her to work under a different supervisor. The office's reasonable accommodation committee denied the request. Makeda-Phillips then requested a transfer, which was denied. She later went on medical leave (the cause of which is not apparent from the record) and, in her absence, her replacements by the end of each day completed both her duties as well as their own. By December 2014 she had used two continuous years of medical leave and under office policy was forced to resign.

Makeda-Phillips sued her supervisors under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000-e(a)(1), the Americans with Disabilities Act, 42 U.S.C. § 12112(a), and related state laws. She claimed that she had been harassed, suspended, and denied a transfer because of her race and disability and in retaliation for her charge of discrimination filed with the Illinois Human Rights Commission.

The district court granted the defendants' motion for summary judgment because Makeda-Phillips could point to no admissible evidence to support her claims. Regarding her claim of race discrimination, the court concluded that Makeda-Phillips failed to establish a prima facie case under the direct method because she had not produced any

direct or circumstantial evidence of discrimination. The court noted that in her summary judgment filings Makeda-Phillips did not cite to any specific facts in the record, and in her deposition answered "I do not remember" to nearly every question, including such general questions as "Can you tell me how [your supervisors] discriminated against you because of your race?" Nor, the court continued, had Makeda-Phillips established a prima facie case under the indirect method because she had not shown that similarly situated coworkers were treated more favorably. Her only evidence of differential treatment for white employees, the court stated, was an affidavit she submitted in her filings to the Illinois Human Rights Commission summarizing the views of three coworkers, but that statement was inadmissible because it is hearsay. In any event, the court continued, Makeda-Phillips had not provided any evidence to show that the defendants' reasons for their decisions were pretext. Regarding her ADA claim that defendants failed to reasonably accommodate her in the form of a transfer, the court determined that she submitted no admissible evidence from which it could be inferred that she had a qualifying disability. And regarding her retaliation claim, the court found that Makeda-Phillips had not pointed to any evidence showing that her supervisors retaliated against her because she filed an administrative charge with the Illinois Human Rights Commission. The judge then dismissed the employment discrimination claims with prejudice and declined to exercise supplemental jurisdiction over Makeda-Phillips's related state-law claims, which were dismissed without prejudice.

On appeal Makeda-Phillips does not argue that she introduced evidence sufficient to survive summary judgment, but rather contends that "materials do not always have to be pointed to in the record" and that "the claims state the elements." But to survive summary judgment, Makeda-Phillips must do more than state the elements of a claim. She bears the burden of proof and must point to admissible facts in the record sufficient for a jury reasonably to find in her favor, *see* FED. R. CIV. P. 56; *Modrowski v. Pigatto*, 712 F.3d 1166, 1168–69 (7th Cir. 2013); *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007), and this she has not done.

Makeda-Phillips next argues that the district court erred in finding that she "suffered from acute stress disorder only" and in concluding that that she therefore has no qualifying disability. She clarifies on appeal that she also has high blood pressure and that the combination can cause stroke and nervous breakdown. But Makeda-Phillips was required to submit evidence that this condition "substantially limits one or more major life activities," 42 U.S.C. § 12102(1)(A), and this too she did not do. When asked in her deposition to specify her disability and explain how it affected her life, she answered "I do not remember." The only evidence she introduced regarding the effect of her

condition is a form signed by her doctor, who declined to impose any work or job restrictions except for her needing a different supervisor. But as long as a plaintiff "can do the same job for another supervisor, she can do the job, and does not qualify under the ADA." *Schneiker v. Fortis Ins. Co.*, 200 F.3d 1055, 1062 (7th Cir. 2000) (quoting *Weiler v. Household Fin. Corp.*, 101 F.3d 519, 525 (7th Cir. 1996)).

Finally Makeda-Phillips contends that the district court erred in granting summary judgment without a hearing. But there is no right to an evidentiary hearing absent any genuine disputes of fact. *See* FED. R. CIV. P. 56; *Altenheim German Home v. Turnock,* 902 F.2d 582, 584 (7th Cir. 1990) ("Even a person facing the loss of all his property in a civil suit is not entitled to a full evidentiary hearing unless there are genuine issues of material fact. If there are no such issues, all he gets is a paper hearing … ."). And we agree with the district court that Makeda-Phillips's bare assertion of legal conclusions, without any citation to facts in the record or explanation of how they support her claims, did not create any fact issue requiring a hearing.

AFFIRMED.