NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 29, 2018[*]
Decided June 29, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 17-3367

| | |
|---|---|
| CHRISTOPHER W. FILLMORE,<br>*Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:16-cv-323-SEB-DML |
| INDIANA BELL TELEPHONE COMPANY, INCORPORATED,<br>*Defendant-Appellee*. | Sarah Evans Barker,<br>*Judge*. |

**O R D E R**

Christopher Fillmore filed suit against his former employer, Indiana Bell, alleging that he was fired in retaliation for complaining about race discrimination, among other things. The district court entered summary judgment for the employer because Fillmore lacked evidence that he had complained of discrimination. We affirm.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. See FED. R. APP. P. 34(a)(C).

Indiana Bell fired Fillmore after he had worked there for about seven years as an installation and repair technician. Before he was fired, Fillmore had been disciplined for failing to run quality checks, seal grommet holes, or properly ground network-interface devices. Finally, in March 2015, Indiana Bell fired Fillmore for improperly using an Ethernet adapter.

Fillmore then sued Indiana Bell, alleging that his immediate supervisor, Thomas Koepp, discriminated against him because of his race by disciplining him. He also alleged that Koepp retaliated against him with more discipline after Fillmore filed grievances about Koepp's conduct. Further, Fillmore alleged, Koepp's supervisor, Lisa Brantley, retaliated against him by pushing for his termination. In January 2015, he said, he attempted to complain to Brantley about his belief that Koepp was singling him out for punishment because of his race. But an agitated Brantley hastily ejected him from her office before he could fully articulate his concern, and she later attended the meetings with upper management that led to his firing.

After filing his complaint, Fillmore moved for court-recruited counsel, see 28 U.S.C. § 1915(e). A magistrate judge denied his motion, concluding that Fillmore was competent to litigate his claims based on his "organized and detailed" filings and his ability to coherently present facts and argument.

Both parties moved for summary judgment, but the evidence they submitted was sparse. In particular, neither party submitted admissible evidence about the substance of the meeting between Fillmore and Brantley. But two months after the deadline for dispositive motions, Fillmore moved to supplement the record with a declaration asserting that he had met with Brantley to report his concerns about Koepp's purported race discrimination. He attests: "Among other things, my conversation indicated that 'certain managers' (chief among them, Koepp) demonstrated a disparate enforcement of the rules, which caused 'certain technicians' to suffer." The magistrate judge rejected this declaration because it was untimely and therefore it would be unfair to Indiana Bell to add it to the record at that point.

The district judge then entered summary judgment for Indiana Bell. First the judge concluded that Fillmore's claims were untimely under Title VII of the Civil Rights Act of 1964. Next, the judge considered Fillmore's claims of discrimination and retaliation through the lens of 42 U.S.C. § 1981. As for retaliation by Brantley, the judge observed that neither side had submitted evidence about the content of the meeting between Fillmore and Brantley, so there was no proof that Fillmore had reported

discrimination to her. Thus Fillmore could not show that he engaged in any protected activity. And as for Fillmore's claims against Koepp, the judge concluded that Fillmore had supplied no evidence that Koepp had disciplined him with discriminatory or retaliatory intent.

Fillmore moved for relief from the judgment under Federal Rule of Civil Procedure 60(b)(1) and (6), asserting that his status as a pro se litigant entitled him to another try at the merits of the case. The judge denied the motion, pointing out that she had repeatedly warned Fillmore about the requirement that he cite admissible evidence in support of his arguments, see FED. R. CIV. P. 56(c).

On appeal, we first note that Fillmore has waived several arguments. For example, Fillmore has waived his argument that the magistrate judge erred by declining to recruit him counsel and by denying leave to file his supplemental declaration about his meeting with Brantley. He did not object in the district court to the magistrate judge's denial of these motions, so he cannot challenge those decisions now. See FED. R. CIV. P. 72(a), (b); *Banco Del Atlantico, S.A. v. Woods Indus.*, 519 F.3d 350, 354 (7th Cir. 2008). Further, in Fillmore's appellate briefs, he does not discuss the dismissal of any of his claims under Title VII or his claims under § 1981 arising from Koepp's actions; he has thus waived any challenge to those dismissals. See *Bernard v. Sessions*, 881 F.3d 1042, 1048 (7th Cir. 2018).

That leaves Fillmore's challenge to the entry of summary judgment for Indiana Bell on his § 1981 claim of retaliation by Brantley. To succeed on a retaliation claim under § 1981, a plaintiff must show that he engaged in protected activity and suffered an adverse employment action as a result. *Baines v. Walgreen Co.*, 863 F.3d 656, 661 (7th Cir. 2017). Although reporting discrimination to a supervisor can be statutorily protected, the plaintiff must complain of discrimination based on race (or another protected basis) or describe sufficient facts to raise that inference. *Tomanovich v. City of Indianapolis*, 457 F.3d 656, 663–64 (7th Cir. 2006). Here Fillmore needed to provide evidence that he either expressly complained to Brantley about Koepp's racially discriminatory conduct or provided enough information to raise an inference that he was alleging racial discrimination.

But no evidence adduced by either party at summary judgment sheds light on the conversation between Fillmore and Brantley other than the undisputed fact that it happened. Fillmore could not rely on his pleadings; instead, he needed to cite to particular parts of the record that supported his assertion that he complained to

Brantley about race discrimination. See FED. R. CIV. P. 56(c)(1)(A); *Modrowski v. Pigatto*, 712 F.3d 1166, 1169 (7th Cir. 2013). He failed to do so.

Fillmore's other argument on appeal is that the district court improperly denied him relief under Federal Rule of Civil Procedure 60(b)(1) and (6) because he was "merely a layman" whose pro se status entitled him to relief from judgment. This argument best fits under 60(b)(1), which permits reopening within one year of judgment if the party shows "mistake, inadvertence, surprise, or excusable neglect." But without further explanation of the circumstances, one's pro se status does not automatically entitle a litigant to 60(b)(1) relief. *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994). And because Fillmore's argument falls within the 60(b)(1) framework, he cannot also argue that he is entitled to relief under 60(b)(6). See *Arrieta v. Battaglia*, 461 F.3d 861, 865 (7th Cir. 2006). The district court did not abuse its discretion when it decided that Fillmore's pro se status did not entitle him to another bite at the apple. See *Bakery Mach. & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009).

AFFIRMED