DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

—————————————————

JORDON COURY,

Appellant,

v.

CITY OF TAMPA,

Appellee.

No. 2D2023-2165

—————————————————

November 27, 2024

Appeal from the Circuit Court for Hillsborough County; Anne-Leigh Gaylord Moe, Judge.

Benjamin L. Crawford and Brian M. Giddings of Giddings Crawford, PLLC, Brandon, for Appellant.

Andrea Zelman, City Attorney, and Ursula D. Richardson, Chief Assistant City Attorney, Tampa, for Appellee.

LABRIT, Judge.

After more than two years of litigation and after discovery closed, the City of Tampa moved for summary judgment on the grounds that there was an absence of evidence supporting Jordon Coury's negligence claim. Mr. Coury filed no evidence in response. The trial court granted the City's motion and entered final judgment for the City. On appeal, Mr. Coury argues that this was error; he maintains that the City never met its initial burden of production, so the burden never shifted to him to

produce evidence in support of his claim. We disagree and affirm the judgment.

## I.

This case arises from an incident that occurred in the summer of 2020 after George Floyd's death in Minneapolis sparked nationwide protests. One such protest developed in downtown Tampa on May 31, 2020. Mr. Coury alleges that on that day, a City of Tampa police officer fired rubber bullets into a crowd of peaceful protesters, and that one of the rubber bullets struck him in the back of the head and injured him.

Mr. Coury filed a negligence complaint against the City on March 19, 2021. His complaint alleged that the City failed to properly vet, train, supervise, and direct its police officers, and that this failure caused injury and damages. On April 27, 2021, the City answered Mr. Coury's complaint, denied his allegations, and asserted several affirmative defenses including sovereign immunity.

The parties exchanged written discovery early in the litigation, although the bulk of it is not in the record on appeal. The record indicates that Mr. Coury and the City served written interrogatories on each other, and that they answered each other's interrogatories, but neither the interrogatories nor the answers are in the record. Mr. Coury also served, and the City responded to, requests for admission and requests for production. The City denied the majority of Mr. Coury's requests for admission, including requests asking the City to admit that it was negligent and that the officer was negligent in firing rubber bullets into a crowd. The City also responded to most of Mr. Coury's requests for production, while objecting to three of them. Mr. Coury did not move to compel responses to these requests, and neither party served any additional written discovery after their initial exchanges. At some point

in 2021 the parties deposed the officer involved in the incident and the City's Chief of Police.  But neither party timely filed the deposition transcripts with the trial court, as discussed below.

On December 15, 2021, the trial court entered a case management order setting pretrial deadlines.  It established March 1, 2023, as the fact discovery deadline, giving the parties an additional fourteen and a half months to complete discovery.  It also set Mr. Coury's expert disclosure deadline for March 31, 2023, and the City's expert disclosure deadline for April 30, 2023.  The trial court then set the case for trial in December 2023, and it required the parties to file dispositive motions by June 29, 2023.

On that June 29 deadline—and more than two years after Mr. Coury filed suit—the City filed its motion for summary judgment.  The City argued "that summary judgment should be granted because [Mr. Coury] does not have evidence to prove his claim[]."  The City explained that the parties had exchanged written discovery and deposed two witnesses, that the expert disclosure deadlines had passed, and that no experts were disclosed.  The City then separately reviewed each negligence theory Mr. Coury's complaint raised (negligent hiring, negligent training, and negligent supervision) and argued that Mr. Coury lacked evidence to support each one.

For instance, in addressing Mr. Coury's negligent training theory, the City argued that there was no evidence in the record on which a jury could find that the City failed to adequately train its officers.[1]  As to Mr.

---

[1] The City raised two additional arguments with respect to Mr. Coury's negligent training theory.  It argued that sovereign immunity barred it, and that the two witnesses the parties deposed both testified that the City trained its officers on how to use the weapon in question.

3

Coury's negligent supervision theory, the City argued that the law required Mr. Coury to prove that the officer in question was unfit, that the City knew he was unfit, and that the officer was acting outside the scope of his employment when the incident occurred. *See M.V. v. Gulf Ridge Council Boy Scouts of Am., Inc.*, 529 So. 2d 1248, 1248 (Fla. 2d DCA 1988); *Acts Ret.-Life Cmtys. Inc. v. Est. of Zimmer*, 206 So. 3d 112, 115 (Fla. 4th DCA 2016). The City maintained that there was no evidence of these elements either and that there was no dispute that the officer acted within the scope of his employment.

Mr. Coury timely filed a response to the City's motion, but he did not address these particular arguments. Mr. Coury argued instead that the City "fail[ed] to provide any evidence whatsoever in accordance with Florida Rule of Civil Procedure 1.510," and that he did not have to rebut the City's motion until it "actually file[d] a Motion for Summary Judgment with evidence demonstrating it is entitled to Summary Judgment as a matter of law." Given his position, Mr. Coury did not file any evidence with his response. But he further argued that the City's motion was premature because he had not deposed the Mayor yet, and because the City had not deposed him or an eyewitness to the incident.

The City scheduled the summary judgment hearing for September 7, 2023. A week before the hearing date, Mr. Coury filed a newspaper article with the trial court, and the City filed the officer's deposition. Mr. Coury moved to strike the City's filing, arguing that rule 1.510(c)(5) required the City to file any supporting evidence at the time it filed its summary judgment motion and not mere days before the hearing.

---

The City did not focus on these arguments at the summary judgment hearing, however, and they were not the basis for the trial court's ruling.

4

The hearing was held as scheduled on September 7. The trial court first addressed Mr. Coury's motion to strike and granted it, finding the City's filing of the officer's deposition untimely.[2] The parties then presented their summary judgment arguments, with the City arguing that "the entire basis of [its] motion [wa]s the lack of support for the elements of [Mr. Coury's] claim," and pointing out that Mr. Coury filed nothing in response. For his part, Mr. Coury reiterated his position that it was not his burden to file summary judgment evidence because the City had not met its initial burden as the movant. Mr. Coury also argued, however, that deposition testimony from the officer and the Chief of Police supported his claim, and that he intended to call multiple witnesses—including a law enforcement expert—to testify in support of his claim at trial. When the trial court asked Mr. Coury where it could find this evidence in the record, Mr. Coury responded, "We didn't move for summary judgment, Your Honor, so we didn't put [it] in the record."

The trial court orally granted the City's summary judgment motion at the hearing, finding that

> [t]here's an absence of any record evidence in the file that would allow me to conclude that [Mr. Coury's] claim[] ha[s] factual support. There's nothing from which a jury could determine what the City's hiring process was and how it failed, what the City's training process was and how it failed, what the City's supervision process was and how it failed.[3]

---

[2] The City did not meaningfully oppose Mr. Coury's motion to strike, instead telling the trial court, "[I]f Your Honor wants to strike it, you can because, in essence, the motion [for summary judgment] is the absence of evidence to support [Mr. Coury's] claim[]."

[3] Theoretically, had Mr. Coury requested, and the City been unable to produce evidence of training or supervision, this lack of evidence could support an argument that the City did not properly train or supervise its officers. But these were not the facts and arguments before the trial court, nor are they before us, so we leave this issue for another day.

It then entered final judgment for the City, which judgment reiterated that "there [wa]s no evidence that would allow a jury to determine that the City breached its duty to hire, train, and supervise [the officer in question] or any of its officers." Mr. Coury timely appealed the judgment, which we review de novo. *See Fitness Int'l, LLC v. 93 FLRPT, LLC*, 361 So. 3d 914, 918 (Fla. 2d DCA 2023).

**II.**

The dispositive question is whether the City met its initial burden of production[4] in moving for summary judgment. Mr. Coury argues that the City failed to meet its burden because the City did not present any evidence to support its motion. The City disagrees, arguing that Mr. Coury misapprehends the burden that applies to a movant seeking summary judgment based on an absence of evidence, and that the City discharged its burden by pointing out the lack of evidentiary support in the record for Mr. Coury's claim. The City is correct. It was not required to set forth evidence to show an absence of evidence, and the trial court properly applied our summary judgment standard in entering judgment for the City.

**A.  Our Summary Judgment Standard**

Under rule 1.510(a), a trial court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Our

---

[4] As our supreme court has explained, "[t]he movant's initial burden of production is distinct from the movant's burden of persuasion on the summary judgment motion and from a party's burden of persuasion at trial." *In re Amends. to Fla. Rule of Civ. Proc. 1.510*, 317 So. 3d 72, 77 n.4 (Fla. 2021) (citing *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000)). *Nissan* provides a helpful explanation of "the various burdens and the 'vocabulary used for discussing summary judgments.' " *See id.*

supreme court amended this rule several years ago to comport with the *Celotex*[5] trilogy and the federal summary judgment standard. *See In re Amends. to Fla. Rule of Civ. Proc. 1.510* (*In re Amends. I*), 309 So. 3d 192 (Fla. 2020); *In re Amends. to Fla. Rule of Civ. Proc. 1.510* (*In re Amends. II*), 317 So. 3d 72 (Fla. 2021). Rule 1.510(a) now directs courts to construe and apply it "in accordance with the federal summary judgment standard." Fla. R. Civ. P. 1.510(a).

Before this amendment, a defendant seeking summary judgment had to conclusively disprove the plaintiff's case with evidence, effectively requiring a defendant to prove a negative. *See In re Amends. I*, 309 So. 3d at 193; *Pozanco v. FJB 6501, Inc.*, 346 So. 3d 120, 123 n.2 (Fla. 3d DCA 2022). This is no longer the case. Under the amended rule, "a moving party that does not bear the burden of persuasion at trial can obtain summary judgment without disproving the nonmovant's case," and it can discharge its burden in one of two ways. *In re Amends. II*, 317 So. 3d at 75. As our supreme court explained, "[i]f the nonmoving party must prove *X* to prevail . . . , the moving party at summary judgment can either [1] produce evidence that *X* is not so or [2] point out that the nonmoving party lacks the evidence to prove *X*." *Id.* (quoting *Bedford v. Doe*, 880 F.3d 993, 996–97 (8th Cir. 2018)). *Celotex* established this standard, holding that the movant's initial summary judgment burden in this circumstance "may be discharged by 'showing'—that is, pointing out to the [trial] court—that there is an absence of evidence to support the nonmoving party's case." 477 U.S. 317, 325 (1986).

*Celotex* does not explain exactly how a movant makes such a showing, and there has been some confusion over the nature and extent of the showing required. *See* Melissa L. Nelken, *One Step Forward, Two*

---

[5] *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

*Steps Back: Summary Judgment after Celotex*, 40 Hastings L.J. 53, 54–56 (1988); *see also Celotex*, 477 U.S. at 329 ("[T]he Court has not clearly explained what is required of a moving party seeking summary judgment on the ground that the nonmoving party cannot prove its case. This lack of clarity is unfortunate: [trial] courts must routinely decide summary judgment motions, and the Court's opinion will very likely create confusion." (Brennan, J., dissenting) (footnote omitted)). Nonetheless, in adopting the federal standard, our supreme court provided a clear description of the movant's burden of production in this circumstance:

> [A]s to a summary judgment movant's initial burden of production, we emphasize that "[w]here the nonmovant bears the ultimate burden of persuasion [at trial] on a particular issue . . . the requirements that Rule 56 imposes on the moving party are not onerous." *Modrowski v. Pigatto*, 712 F.3d 1166, 1168 (7th Cir. 2013). We echo the Eighth Circuit Court of Appeals' observation that the movant's initial burden of production in this circumstance is "far from stringent" and that it can be "regularly discharged with ease." *Bedford*, 880 F.3d at 996 (citation omitted). Of course, it is equally important to emphasize that, before being subjected to summary judgment because of the absence of evidence, the nonmovant must have been afforded "adequate time for discovery." *Celotex*, 477 U.S. at 322 . . . .

*In re Amends. II*, 317 So. 3d at 77 (second and third alterations in original) (footnote omitted). Thus, where a movant does not bear the burden of persuasion at trial, the movant's initial burden of production is emphatically "not onerous" and it can be easily discharged, as long as there has been adequate time for discovery.

In explaining this, our supreme court discussed two federal appellate decisions—*Modrowski* and *Bedford*—which bear reviewing, especially because the former mirrors the instant case. In *Modrowski*, the defendants moved for summary judgment after discovery closed, arguing that the record had "a complete lack of proof concerning all of

the essential element[s]" of the plaintiff's claim. 712 F.3d at 1168 (alteration in original). Instead of responding with evidence to support his claim, the plaintiff argued that the defendants had not met their initial burden as movants. *Id.* Much like Mr. Coury here, the plaintiff maintained that "he bore no obligation to respond" to the motion because the defendants didn't "cite to any admissible evidence" and "fail[ed] to support their factual position with appropriate citations to the record." *Id.* at 1168–69.

The Seventh Circuit rejected this argument, characterizing it as "a fundamental misunderstanding of the legal basis for the defendants' motion." *Id.* at 1169. The defendants had not moved for summary judgment based on "affirmative evidence that negate[d] an essential element of the nonmoving party's claim." *Id.* (quoting *Celotex*, 477 U.S. at 331 (Brennan, J., dissenting)). They instead followed a "somewhat trickier" path by arguing that the "nonmoving party's evidence [was] insufficient to establish an essential element of the nonmoving party's claim." *Id.* (alteration in original) (quoting *Celotex*, 477 U.S. at 331 (Brennan, J., dissenting)). And "once the defendants pointed out the gap that they believed existed in [the plaintiff's] case, he [the plaintiff] was obliged to point to evidence that, if believed by the trier of fact, would be sufficient" to support his claim. *Id.* at 1170. He didn't, so the Seventh Circuit affirmed summary judgment for the defendants. *See id.* at 1168, 1171.

*Bedford* presented a similar scenario, where the defendant moved for summary judgment on grounds that the plaintiff was unable to produce evidence of negligence, and the plaintiff filed no evidence in response. 880 F.3d at 995, 997. The Eighth Circuit affirmed summary judgment for the defendant, in part because the defendant satisfied its

"far from stringent" burden as the movant. *See id.* at 996–97. The defendant's motion cited materials in the record including deposition transcripts, and it pointed out that none of the materials established negligence. *Id.* at 997. The Eighth Circuit considered this showing "manifestly sufficient" to satisfy the defendant's initial burden. *Id.* It also reiterated that "[a] principal purpose of the summary-judgment procedure 'is to isolate and dispose of factually unsupported claims or defenses.' " *Id.* at 996 (quoting *Celotex*, 477 U.S. at 323–24).

These cases exemplify what our supreme court told us in adopting the federal standard: "A movant for summary judgment <u>need not set forth evidence</u> when the nonmovant bears the burden of persuasion at trial." *In re Amends. II*, 317 So. 3d at 75 (emphasis added) (quoting *Wease v. Ocwen Loan Servicing, L.L.C.*, 915 F.3d 987, 997 (5th Cir. 2019)). *Celotex* likewise instructs that where—as here—the nonmovant bears the burden at trial, "a summary judgment motion may properly be made in reliance <u>solely</u> on the 'pleadings, depositions, answers to interrogatories, and admissions <u>on file</u>.' " 477 U.S. at 324 (emphasis added) (quoting Fed. R. Civ. P. 56); *see also Wease*, 915 F.3d at 997 ("Ocwen relied on Wease's pleadings and pointed out gaps in the record to demonstrate its entitlement to summary judgment on [Wease's] claim. The [trial] court then properly shifted the burden to Wease and found that he failed to carry it."). Therefore, a movant without the burden at trial is not required to come forward with evidence to establish an absence of evidence, and it may rely on the materials already on file, provided that the nonmovant has had adequate time for discovery.[6]

---

[6] That is not to say that a movant may satisfy its initial burden by pointing to a record containing only the pleadings where no discovery has occurred or been attempted. This scenario is not present here, so we express no opinion on it. We note, however, that "[a] moving party may

**B. This Case**

Mr. Coury filed his negligence claim against the City in March 2021. The parties had almost two years to develop the record before fact discovery closed in March 2023. They exchanged written discovery and deposed two witnesses during that time. They also had opportunities to disclose experts to support their claims and defenses, but neither did.

Then, after all discovery closed, the City moved for summary judgment within the court-ordered deadline. The City informed the trial court of the basis for its motion—that Mr. Coury did "not have evidence to prove his claim[]"—and it pointed out the specific gaps in Mr. Coury's claim that the evidence on file did not fill. This satisfied the City's initial burden of production as the party moving for summary judgment based on an absence of evidence. *See Wease*, 915 F.3d at 997; *Modrowski*, 712 F.3d 1169–70; *see also Rhymestine v. Dist. Bd. of Trs. of Mia. Dade Coll.*, 358 So. 3d 1261, 1263 (Fla. 3d DCA 2023) ("At summary judgment, the College needed only to show that Rhymestine lacked the evidence to prove his allegations of race discrimination and retaliation.").

Nevertheless, Mr. Coury submits that our summary judgment standard "still requires the movant to produce some record evidence for its position" because rule 1.510(c)(5) states that a movant must file its

---

not require the nonmoving party to produce evidence supporting its claim or defense simply by saying that the nonmoving party has no such evidence." *Nissan*, 210 F.3d at 1105; *see also Celotex*, 477 U.S. at 328 (White, J., concurring) ("It is not enough to move for summary judgment without supporting the motion in any way or with a conclusory assertion that the plaintiff has no evidence . . . ."). And typically, "to carry its initial burden of production by pointing to the absence of evidence . . . , the moving party will have made reasonable efforts, using the normal tools of discovery, to discover whether the nonmoving party has enough evidence to carry its burden of persuasion at trial." *Nissan*, 210 F.3d at 1105.

"supporting factual position" with its motion. This argument contradicts our supreme court's directive that a movant in the City's position "need not set forth evidence." *See In re Amends. II*, 317 So. 3d at 75 (quoting *Wease*, 915 F.3d at 997). It also overlooks the portion of rule 1.510 that the City relied on here—subsection (c)(1)(B)—which permits a movant to support its assertion by showing "that an adverse party cannot produce admissible evidence to support the fact" alleged. That is precisely what the City did here. At that point, the burden shifted to Mr. Coury to "make a showing sufficient to establish the existence of [each] element essential to [his] case." *See Celotex*, 477 U.S. at 322. In other words, "he was obliged to point to evidence that, if believed by the trier of fact, would be sufficient to show" that the City was negligent as he alleged in his complaint. *See Modrowski*, 712 F.3d at 1170.

Mr. Coury maintains that because the City did not file any evidence, there was nothing in the record for him to refute and the trial court "turned the concept of Summary Judgment on its head" by placing the burden of production on him. Like the plaintiff's argument in *Modrowski*, this argument misconstrues the legal basis for the City's motion. *See id.* at 1169; *see also Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). The City was not seeking to disprove *X*— that the City was negligent. The City instead pointed out that Mr. Coury lacked the evidence to prove *X*—the City's negligence. Thus, it was not the City's evidence that Mr. Coury had to refute; it was the absence of evidence the City pointed out that Mr. Coury had to overcome to avoid summary judgment. Mr. Coury did not have to depose his trial witnesses, nor did he have to show his cards and present all his trial evidence in admissible form at the summary judgment stage. *See Casey v. Mistral Condo. Ass'n*, 380 So. 3d 1278, 1286 (Fla. 1st DCA 2024)

12

(quoting *Modrwoski,* 712 F.3d at 1168–69).  What he did have to do was " 'go beyond the pleadings' . . . to demonstrate that there [wa]s evidence 'upon which a jury could properly proceed to find a verdict' in h[is] favor." *Id.* (quoting *Modrwoski,* 712 F.3d at 1169); *see also Carter v. Blue House Painting & Remodeling, LLC,* 367 So. 3d 618, 620 (Fla. 2d DCA 2023). Argument that such evidence exists—without the presentation of any evidence whatsoever—is not enough.  *See In re Amends. I,* 309 So. 3d at 193 ("A party opposing summary judgment 'must do more than simply show that there is some metaphysical doubt as to the material facts.' " (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986))).

Here, the trial court's task was "to determine whether there [wa]s a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986).  The test it had to apply was "whether 'the evidence [wa]s such that a reasonable jury could return a verdict for [Mr. Coury].' "  *See In re Amends. II,* 317 So. 3d at 75 (quoting *Anderson,* 477 U.S. at 248). "[U]nless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party," there is no genuine issue for trial. *Anderson,* 477 U.S. at 249; *see also Matsushita Elec. Indus. Co.,* 475 U.S. at 587 ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.' ").  Because a reasonable jury could not have returned a verdict for Mr. Coury on this record, there was no genuine issue for trial, and the trial court did not err in entering summary judgment for the City.

### III.

Mr. Coury raises two other issues on appeal.  He argues that the trial court failed to make "specific factual findings" when stating its reasons for granting summary judgment.  He also challenges the trial

13

court's denial of a motion for reconsideration he filed after the trial court entered final judgment. We affirm on these issues as well.

Under rule 1.510(a), a trial court "shall state on the record the reasons for granting or denying the motion." This obligation is mandatory, and it is meant to provide guidance to the parties and allow for appellate review. *See In re Amends. II*, 317 So. 3d at 77. But there is nothing in the rule requiring a trial court to make <u>factual findings</u> when articulating its reasons for granting summary judgment. There also is no confusion as to why the trial court granted summary judgment here. In short, Mr. Coury's argument on this point lacks merit.

With respect to his motion for reconsideration (which the trial court construed as a motion filed under Florida Rule of Civil Procedure 1.540(b)), Mr. Coury argues that he presented "newly discovered evidence" that the trial court erroneously failed to consider. More specifically, with his motion for reconsideration, Mr. Coury submitted an affidavit from a previously undisclosed law enforcement expert opining that the City was negligent. It is not clear from the record why Mr. Coury did not present his expert's affidavit until months after the deadline for expert disclosures had passed. Mr. Coury states only that his expert's affidavit "was not finalized or completed until after the [summary judgment] hearing." This does not qualify as newly discovered evidence under rule 1.540(b), and the trial court did not abuse its discretion in denying his motion. *See Neapolitan Enters., LLC v. Fishman*, 303 So. 3d 1258, 1260–61 (Fla. 2d DCA 2020).

## IV.

As a movant without the burden of persuasion at trial, the City met its initial burden of production by pointing out the absence of evidence supporting Mr. Coury's claim. Because Mr. Coury did not then present

14

any evidence on which a reasonable jury could find in his favor, the trial court properly entered final summary judgment for the City.

Affirmed.

SILBERMAN and SMITH, JJ., Concur.

_____

Opinion subject to revision prior to official publication.