# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-4558
_____

Raeburn Bedford

*Plaintiff - Appellant*

v.

John Doe; International Paper Company

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Western District of Arkansas - Ft. Smith

_____

Submitted: December 12, 2017
Filed: January 25, 2018

_____

Before SMITH, Chief Judge, ARNOLD and KELLY, Circuit Judges.

_____

ARNOLD, Circuit Judge.

Raeburn Bedford is a truck driver who was unfortunately injured after he opened the door to a trailer he was hauling and a load of boxes fell on him. Bedford sued International Paper Company, or IP, and a John Doe who worked for IP, asserting that Doe negligently failed to secure the load and that IP negligently supervised the loading and inspecting of the trailer and was vicariously responsible

for Doe's negligence. When IP moved for summary judgment, Bedford failed to respond, moving instead to designate an expert witness out of time or, in the alternative, to dismiss his complaint without prejudice. Because Bedford did not respond directly to IP's motion for summary judgment, the district court[1] deemed that he had admitted the facts that IP stated, *see* Local Rule 56.1(c), granted IP's motion for summary judgment, and dismissed the claims against it. The district court also dismissed the claim against Doe because Bedford appeared to have abandoned that claim—a ruling that Bedford does not challenge on appeal. Bedford then moved for reconsideration under Federal Rule of Civil Procedure 59(e), which the district court denied. We affirm.

We have an independent duty to ensure that appellate jurisdiction exists, *Chambers v. City of Fordyce, Ark.*, 508 F.3d 878, 880 (8th Cir. 2007) (per curiam), and, though neither party called it to our attention, we have detected a possible jurisdictional glitch that raises a question about the extent of our power in this appeal. Federal Rule of Appellate Procedure 3(c)(1)(B) requires a notice of appeal to "designate the judgment, order, or part thereof being appealed." Bedford's notice of appeal states that he appeals "the Order filed on November 30, 2016, . . . denying Plaintiff's Motion for Reconsideration, Motion to Vacate Order, and Motion for New Trail [sic]." The notice of appeal does not refer to the district court's order of May 31, 2016, granting IP's motion for summary judgment.

Although this apparent oversight gives us pause, we nonetheless believe that we have jurisdiction to review the order granting IP's motion for summary judgment and not just the order denying reconsideration of that order. We have said when grappling with this kind of situation that an "appeal from the denial of a Rule 59(e) motion allows challenge of the underlying ruling that produced the judgment." *See*

_____

[1]The Honorable P.K. Holmes, III, Chief Judge, United States District Court for the Western District of Arkansas.

*Prince v. Kids Ark Learning Ctr., LLC*, 622 F.3d 992, 994 (8th Cir. 2010) (per curiam). IP, moreover, has briefed and argued the case without broaching the issue, suggesting that it will not be prejudiced if we review the order granting summary judgment. We therefore turn to that order, which we review de novo. *See Weed v. Jenkins*, 873 F.3d 1023, 1028 (8th Cir. 2017).

We note at the outset that Bedford does not challenge the district court's conclusion that he violated Local Rule 56.1(c) by failing to respond to IP's motion for summary judgment and so had admitted the facts that IP stated. He argues instead that "there is evidence that [IP and Doe] breached their duty to" him and that IP's statement of undisputed facts "is incomplete and misleading," and so IP is not entitled to summary judgment even if he is deemed to have admitted those facts.

In granting IP summary judgment, the district court noted correctly, though, that Bedford had made no evidentiary showing that IP or Doe had breached a duty of care owed to him, so there was no evidence that anyone committed a negligent act. Bedford's assertion to the contrary on appeal comes too late. The district court also held that Bedford had failed to produce any evidence showing that negligence in the loading process caused his injuries, and that he was deemed to have admitted that causes other than negligence could well have caused the load to fall on him.

A court must grant a motion for summary judgment if the moving party shows that there are no genuine disputes of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A principal purpose of the summary-judgment procedure "is to isolate and dispose of factually unsupported claims or defenses," with due regard being given to the rights of those opposing a claim or defense to demonstrate in the manner provided by Rule 56, prior to trial, that a claim or defense has no factual basis. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 327 (1986). After the parties have had adequate time for discovery, a movant will be entitled to summary judgment "against a party who fails to make a showing sufficient

to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. The movant bears the initial responsibility of informing the district court of the basis for its motion and must identify the portions of the record that it believes demonstrate the absence of a genuine dispute of material fact. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). The Supreme Court in *Celotex* said that the burden on the movant "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." 477 U.S. at 325. We have acknowledged that this initial burden on the movant is "far from stringent" and "regularly discharged with ease." *St. Jude Med., Inc. v. Lifecare Int'l, Inc.*, 250 F.3d 587, 596 (8th Cir. 2001). The moving party can satisfy its burden in either of two ways: it can produce evidence negating an essential element of the nonmoving party's case, or it can show that the nonmoving party does not have enough evidence of an essential element of its claim to carry its ultimate burden of persuasion at trial. *See Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1106 (9th Cir. 2000). In other words, if the nonmoving party must prove $X$ to prevail, the moving party at summary judgment can either produce evidence that $X$ is not so or point out that the nonmoving party lacks the evidence to prove $X$.

Once the moving party satisfies this initial burden, the nonmoving party "must respond by submitting evidentiary materials" of specific facts showing the presence of a genuine issue for trial. *Torgerson*, 643 F.3d at 1042. The nonmoving party must do more than raise some metaphysical doubt about the material facts, *id.*, and cannot rest on mere denials or allegations. *Gibson v. Am. Greetings Corp.*, 670 F.3d 844, 853 (8th Cir. 2012). The nonmoving party must instead present enough evidence that a jury could reasonably find in his favor. *Id.*

Arkansas substantive law applies in this diversity case, *see Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017), and Arkansas tort law requires that Bedford prove that IP owed him a duty, that it breached that duty, and that the breach proximately caused

his injuries. *See Yanmar Co. v. Slater*, 386 S.W.3d 439, 449 (Ark. 2012). In its motion for summary judgment, IP pointed out to the district court that Bedford was "unable to produce evidence that demonstrates that [IP] was negligent" because he could not show "that the trailer was improperly loaded" or "that any negligence of [IP] was the proximate cause of his injuries." IP then supported its assertions by citing materials in the record like the deposition transcripts of Bedford, Doe, and others, pointing out that none of those materials established that anyone was negligent and just as likely showed that the load shifted during transit for other reasons. We think that this was manifestly sufficient for IP to satisfy its "far from stringent" summary-judgment obligation.

Bedford contends that we should presume that Doe was negligent when loading the trailer, and if we do so, then IP cannot show that it is entitled to summary judgment. But this squarely contradicts Arkansas negligence law. The Supreme Court of Arkansas has stressed that "negligence is never assumed," but must instead be proven by the party asserting it. *Id.* It has also emphasized that plaintiffs, in proving negligence, may not rely on conjecture or speculation, and the mere fact that an accident occurred does not give rise to an inference of negligence. *Id.* These principles are certainly relevant here since Bedford has admitted that there are potential reasons besides negligence for a load to shift during transit. To prevail, moreover, Bedford must produce evidence that would tend to eliminate other causes of his injuries so the jury is not left to speculate about their cause. *See St. Paul Fire & Marine Ins. Co. v. Brady*, 891 S.W.2d 351, 353–54 (Ark. 1995). In short, "[n]egligence is not imposed in the absence of proof." *Mangrum v. Pigue*, 198 S.W.3d 496, 503 (Ark. 2004). We therefore reject Bedford's invitation to assume that IP was negligent, and we agree with the district court that IP was entitled to summary judgment. To the extent that Bedford appeals simply from the denial of his motion for reconsideration, we a fortiori conclude that the district court did not abuse its discretion in denying it, *see Peterson v. Travelers Indem. Co.*, 867 F.3d 992, 997 (8th

Cir. 2017), because that motion raised the same arguments that we now reject de novo.

Affirmed.

_____