# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D16-5675
_____

HIGHWOODS PROPERTIES, INC.,

    Appellant,

    v.

MILLAR ELEVATOR SERVICE
COMPANY and SCHINDLER
ELEVATOR COMPANY,

    Appellees.

_____

On appeal from the Circuit Court for Duval County.
Karen Cole, Judge.

May 16, 2018

ROBERTS, J.

Highwoods Properties Incorporated (Highwoods) appeals a final order denying its motion for final judgment for indemnity against Schindler Elevator Company (Schindler). For the reasons discussed herein, we find Highwoods was not precluded from seeking indemnity in this action, but remand for further litigation on the merits of the indemnity claims. We affirm the final order in part, reverse in part, and remand for further proceedings.[1]

---

[1] Our opinion addresses Issues II-VI of Highwoods's amended initial brief. Issue I is affirmed without comment.

## *Factual Background*

In 1997, Highwoods entered into an elevator service contract with Schindler's predecessor in interest, Millar Elevator Service Company.[2] Under the terms of the service contract, Schindler was responsible for maintenance and repair of elevators in a Jacksonville office building owned by Highwoods, which included response to elevator entrapments. The service contract also included a reciprocal indemnity provision.

In 1999, Janice Beasley was entrapped and injured in an elevator in the subject office building. She and her husband, Stephen Beasley, filed suit against Highwoods and Schindler alleging Highwoods breached a common law duty to use reasonable care in the inspection and maintenance of the elevator, and Schindler negligently failed to perform its duty, per the service contract, to inspect and maintain the elevator. Counsel for Highwoods asked Schindler to assume the defense of the entire case per the service contract, but Schindler declined the request. Highwoods then filed a cross-claim against Schindler for common law and contractual indemnity that alleged Highwoods was entirely without fault, that the plaintiffs' damages were solely and proximately caused by Schindler, and that any liability on Highwoods's part would be "vicarious, constructive, derivative, and technical in nature."

Some years later, the plaintiffs amended the complaint to include a claim that Highwoods had a non-delegable duty under chapter 399, Florida Statutes, to ensure the safe operation and proper maintenance of the elevator. The amended complaint also alleged Highwoods and Schindler failed to reasonably respond to the elevator malfunction. Highwoods did not seek to amend its cross-claim in response to the amended complaint.

---

[2] The parties do not dispute that Schindler was obligated to honor the service contract after merging with Millar. The two companies will be referred to collectively as Schindler for ease of reference.

2

The case proceeded to a jury trial that was bifurcated into two phases: liability and damages. On liability, the jury determined that neither Highwoods nor Schindler was negligent in the inspection, maintenance, service, or repair of the elevator. The jury found Highwoods and Schindler were each fifty percent negligent in their response to the elevator malfunction. Highwoods later successfully moved for a directed verdict on liability. The order granting the motion for directed verdict found no evidence that Highwoods's active negligence was a legal cause of the plaintiffs' injuries, but concluded Highwoods had a non-delegable duty to the plaintiff regarding the safe operation and proper maintenance of the elevator in question.

The case proceeded to a jury trial on phase two for causation and damages. During the phase two trial, Highwoods and the plaintiffs reached a secret settlement agreement that Highwoods characterizes as a "high-low" agreement between $490,000 and $510,000.[3] Highwoods remained in the trial, but did not appear on the verdict form. Highwoods's settlement agreement with the plaintiffs was not disclosed to the jury and was not disclosed to Schindler and the trial court until later. While the jury was deliberating, Schindler and the plaintiffs reached a settlement, which was disclosed to the court. The jury returned a verdict for $13,000,000, which was in excess of Schindler's settlement amount. The plaintiffs eventually dismissed the action against both parties.

### *Highwoods Granted Summary Judgment on Indemnity*

Highwoods moved for summary judgment against Schindler, seeking common law and contractual indemnity for its $510,000 payment to the plaintiffs. A new judge entered summary judgment in favor of Highwoods on both claims. The order found the juries' determinations that Schindler was negligent and was the legal

---

[3] Under the terms of the agreement, if the total damages were less than $490,000, Highwoods would pay $490,000. If the total damages were between $490,000 and $510,000, Highwoods would pay the damage amount. If the total damages exceeded $510,000, Highwoods would pay $510,000.

cause of the plaintiffs' injuries coupled with the court's previous determination that Highwoods remained vicariously liable to the plaintiff by operation of its non-delegable duty under section 399.02(5)(b), Florida Statutes, satisfied the requirements for Highwoods to be indemnified under the clear and unambiguous indemnity provision of the contract. The order also found no genuine issue of material fact with regard to common law indemnity. The order found Highwoods had established it remained liable to the plaintiff and had remained a party defendant with exposure based upon its non-delegable duty for Schindler's negligence. The order required Schindler to reimburse Highwoods's $510,000 payment to the plaintiffs as well as Highwoods's attorney's fees and costs. Schindler unsuccessfully sought reconsideration of the summary judgment order.

### *Highwoods Denied Final Judgment on Indemnity*

Highwoods next moved for entry of a final judgment on indemnity. A new judge denied the motion for four reasons: (1) Highwoods's cross-claim for indemnity was never updated after the amended complaint and should be deemed abandoned; (2) Highwoods's payment to the plaintiffs was made without legal obligation and was voluntary, which obviated any right to indemnity from Schindler; (3) Highwoods's settlement payment to the plaintiffs was void and could not provide a basis for indemnification because it was a prohibited Mary Carter agreement; and (4) even if indemnity was permissible, the summary judgment order could not stand because Schindler had no opportunity to argue the voluntary nature of Highwoods's settlement, no opportunity to challenge the reasonableness and necessity of the settlement, and no opportunity to assess the reasonableness and necessity of Highwoods's attorney's fees and costs. The final order denied the motion for entry of final judgment on the indemnity claims and vacated the orders on summary judgment without prejudice to Highwoods's right to file a separate indemnity action against Schindler.

We conclude that the final order on appeal prematurely decided the issue of voluntariness in point (2), but agree with the portion of the final order vacating summary judgment for the reasons discussed in point (4) of the final order. We reverse points

4

(1) and (3) of the final order, which means that Highwoods's cross-claim for indemnity survives in this action. We remand to allow Highwoods to pursue a full trial on indemnity in this action.

### *The Final Order Erred in Determining Highwoods's Cross-Claim for Indemnity Was Abandoned*

In point (1) of the final order, the trial court determined Highwoods had abandoned its cross-claim by failing to amend it after the plaintiffs amended their complaint to inject new issues of non-delegable duty and negligent response. We disagree and find that the cross-claim withstood the amendment of the complaint and should not have been deemed abandoned in this action. Highwoods was under no obligation to amend its cross-claim in response to the amended complaint. The cross-claim for indemnity was not "locked in" by the allegations in the original complaint and stood over after the complaint was amended. *See Mortg. Guarantee Ins. Corp. v. Stewart*, 427 So. 2d 776, 780 (Fla. 3d DCA 1983) ("[T]he law has always permitted a person to bring an indemnity claim quite apart from the characterization of his conduct in the original complaint filed by the injured party."); *Rea v. Barton Protective Servs., Inc.*, 660 So. 2d 772, 773 (Fla. 4th DCA 1995) (recognizing the indemnity cross-claim was not bound by the allegations of the original complaint and its characterization of conduct).

Highwoods's cross-claim asserted claims for common law and contractual indemnity. The cross-claim also asserted that the plaintiffs' damages were solely and proximately caused by Schindler, that Highwoods was entirely without fault, and that any liability on Highwoods's part would be "vicarious, constructive, derivative, and technical in nature." This language was also sufficient to place Schindler on notice of a claim for indemnity based upon a breach of a non-delegable duty. *See Houdaille Indus., Inc. v. Edwards*, 374 So. 2d 490, 493 (Fla. 1979) ("[Idemnity] shifts the entire loss from one who, although without active negligence or fault, has been obligated to pay, because of some vicarious constructive, derivative, or technical liability, to another who should bear the costs because it was the latter's wrongdoing for which the former is held liable."); *Stewart*, 427 So. 2d at 779 (recognizing a defendant, who is not personally liable but has a

5

non-delegable duty, may assert a claim for indemnity against an independent contractor hired to discharge the non-delegable duty). We reverse the portion of the final order deeming the cross-claim abandoned in this action. Highwoods's cross-claim for contractual and common law indemnity withstood the amended complaint and remains viable in this action if Highwoods wishes to pursue it on remand.

### *The Final Order Erred in Concluding Highwoods's Settlement was a Prohibited Mary Carter Agreement*

In point (3), the trial court denied indemnification on the finding Highwoods's $510,000 payment was a prohibited Mary Carter agreement that unfairly prejudiced Schindler. We disagree.

A Mary Carter style agreement is one in which a defendant in a multi-defendant case secretly agrees with the plaintiff to work together to the detriment of the other defendant. *Panama City-Bay Cty. Airport & Indus. Dist. v. Kellogg Brown & Root Servs., Inc.*, 140 So. 3d 1112, 1116 (Fla. 1st DCA 2014) (citing *Dosdourian v. Carsten*, 624 So. 2d 241, 243 (Fla. 1993)). In *Frier's, Inc. v. Seaboard Coastline Railroad Company*, 355 So. 2d 208, 210 (Fla. 1st DCA 1978), this Court recognized the following hallmarks of a typical Mary Carter agreement:

(a) secrecy;

(b) the agreeing defendants remain as party defendants in the lawsuit;

(c) the agreeing defendants' liability is decreased in direct proportion to the nonagreeing defendants' increase in liability;

(d) the agreeing defendant guarantees the plaintiff a certain amount of money if plaintiff does not receive a judgment against any of the defendants or if the judgment is less than a specified sum.

6

Mary Carter style agreements are not allowed in Florida because they are antithetical to the trial process, create a charade of adversity, and prejudice the non-settling defendant. *Dosdourian,* 624 So. 2d at 245-46.

Here, Highwoods's $510,000 payment was done in secret and was dependent on the jury's verdict. However, the payment was made during the damages phase of the case, well after liability had already been determined in phase one. Thus, there was no incentive to decrease Highwoods's liability or increase Schindler's liability because liability had already been determined. The settlement agreement lacked two key features of a Mary Carter agreement: Highwoods elected to remain in the case, but was not required to do so, and Highwoods could not and did not inflict any harm upon Schindler by remaining in the case. Highwoods had a legitimate reason to stay in the case based on the previous court rulings on its non-delegable duty and on summary judgment. The settlement here does not raise red flags of deceit, collusion, or fraud that were of concern in *Dosdourian.* Because the settlement is not a prohibited Mary Carter agreement, indemnification was improperly denied for this reason. We reverse the portion of the final order denying indemnification on the finding that the settlement was a prohibited Mary Carter agreement.

### *The Final Order Erred in Finding Highwoods's Settlement was Voluntary*

In point (2) of the final order, the trial court held Highwoods could not seek indemnification from Schindler for its voluntary $510,000 payment, which was made without any legal obligation to pay. *See Arison v. Cobb Partners, Ltd.*, 807 So. 2d 101, 106 (Fla. 3d DCA 2012). We reject this conclusion as premature at this juncture. First, it contradicts the reasoning in point (4) of the final order in which the trial court found the summary judgment order was improperly entered where Schindler had no opportunity to argue the voluntariness of the $510,000 payment. Second, the previous rulings regarding Highwoods's non-delegable duty in the case created enough of an uncertainty to justify Highwoods's decision to remain in the case and to protect itself against potential liability. *Camp, Dresser & McKee, Inc. v. Paul N. Howard Co.*, 853 So. 2d 1073, 1079 (Fla. 5th DCA 2003) (holding a party seeking

7

indemnification must establish that the settlement was made based on its potential liability to the plaintiff, which is required because the indemnitee cannot be a mere volunteer who settled without obligation to do so). We reverse point (2) to the extent the trial court determined the payment was voluntary. The parties will have the opportunity to re-litigate this issue on remand.

## *Conclusion*

Based on the foregoing, we affirm the portions of the final order that vacated the summary judgment orders. We reverse the trial court's decision to deny the motion for entry of final judgment of indemnity in this action. Highwoods's cross-claim remains viable in this action should Highwoods wish to pursue indemnification on remand.

KELSEY and M.K. THOMAS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Richard A. Sherman, Sr., and James W. Sherman of Law Offices of Richard A. Sherman, P.A., Fort Lauderdale; Dennis R. Schutt and Jeffrey Devonchik of Schutt, Schmidt & Noey, Jacksonville, for Appellant.

Jay C. Howell of Jay Howell & Associates, Jacksonville; Stuart Aaron Weinstein, Richard S. Weinstein, and Richard P. Hermann, II, of Shapiro, Blasi, Wasserman & Hermann, P.A., Boca Raton; Bradley J. Edwards of Farmer Jaffe Weissing Edwards Fistos & Lehrman, P.L., Fort Lauderdale; H. Christopher Bartolomucci of Kirkland & Ellis, Washington, D.C., for Appellees.