# Supreme Court of Florida

_____

No. SC20-1490

_____

**IN RE:  AMENDMENTS TO FLORIDA RULE OF CIVIL
PROCEDURE 1.510.**

April 29, 2021

PER CURIAM.

This Court recently amended Florida Rule of Civil Procedure
1.510 to "align Florida's summary judgment standard with that of
the federal courts and of the supermajority of states that have
already adopted the federal summary judgment standard."  *In re
Amends. to Fla. Rule of Civ. Pro. 1.510*, 309 So. 3d 192, 192 (Fla.
2020).  We gave the amended rule a prospective effective date of
May 1, 2021.  Having received comments and heard oral argument,
we now further amend rule 1.510.[1]

---

1. We have jurisdiction.  *See* art. V, § 2(a), Fla. Const.; Fla. R.
Gen. Prac. & Jud. Admin. 2.140(d).

We are persuaded that the best way for Florida to adopt the federal summary judgment standard is to adopt the text of the federal summary judgment rule itself. Accordingly, with some exceptions for timing-related issues, the amendments we adopt today will largely replace the text of existing rule 1.510 with the text of Federal Rule of Civil Procedure 56. The effective date of these amendments remains May 1, 2021.

I.

Rather than make substantial changes to the text of rule 1.510, our decision of December 31, 2020, adopted the federal summary judgment standard by adding this sentence to the text of existing rule 1.510(c): "The summary judgment standard provided for in this rule shall be construed and applied in accordance with the federal summary judgment standard articulated in *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); and *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)." *In re Amends. to Fla. Rule of Civ. Pro. 1.510*, 309 So. 3d at 196. These cases are commonly referred to as the *Celotex* trilogy.

In anticipation of the amendment's effective date, we sought public comment and specifically invited responses to the following questions: whether any ancillary changes were necessary to effectively implement the amendment; whether specific provisions of federal rule 56 should be added to rule 1.510; and indeed whether rule 1.510 should be replaced in its entirety with the text of federal rule 56. *Id.* at 194.

Nearly all the commenters supported the Court's decision to adopt the federal summary judgment standard. However, even the supportive comments reflected a consensus that additional changes to rule 1.510 are necessary. Specifically, there was widespread agreement that the Court should amend rule 1.510 to include the substance of federal rule 56(c), which tells parties how to present their assertions about whether material facts are in dispute. The commenters also agreed that, while Florida should still tie filing deadlines to a hearing date, the Court should amend rule 1.510's timing-related provisions to allow for more deliberative consideration of summary judgment motions.

Beyond those areas of agreement, the commenters were divided over how far the Court should go toward incorporating text

from federal rule 56. A majority of the commenters asked that we keep to a minimum any other changes to rule 1.510. But a sizeable minority recommended that the Court adopt federal rule 56 wholesale.[2]

For several reasons, we are persuaded that the best way forward is to largely adopt the text of federal rule 56 as a replacement for rule 1.510. Doing so makes it more likely that Florida's adoption of the federal summary judgment standard will take root. Textual overlap between the Florida and federal rules will provide greater certainty and eliminate unproductive speculation and litigation over differences between those rules. And Florida litigants and judges will get the full benefit of the large body of case law interpreting and applying federal rule 56.

The remainder of this opinion will discuss the highlights of the changes to rule 1.510 and address key issues raised by the commenters. But first we thank all those who submitted comments

---

2. For example, although a majority of The Florida Bar's Civil Procedure Rules Committee (by a vote of 21-16) supported only adopting federal rule 56(c), 14 of the 16 members who voted against the majority position preferred the wholesale adoption of federal rule 56 with minor variations for Florida-timing issues.

or appeared at oral argument. We especially acknowledge the hard work and valuable contributions of The Florida Bar's Civil Procedure Rules Committee.

## II.

## **The Summary Judgment Standard**

The amendment we adopt today largely replaces the text of existing rule 1.510 with the text of federal rule 56. New Rule 1.510(a) will also include the following sentence: "The summary judgment standard provided for in this rule shall be construed and applied in accordance with the federal summary judgment standard."

In our December 31, 2020, decision amending rule 1.510, we made it clear that adopting the federal summary judgment standard means that Florida will now adhere to the principles established in the *Celotex* trilogy. In the broadest sense, those cases stand for the proposition that "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part" of rules aimed at "the just, speedy and inexpensive determination of every action." *Celotex*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1). More specifically, though, embracing the *Celotex*

trilogy means abandoning certain features of Florida jurisprudence that have unduly hindered the use of summary judgment in our state. *In re Amends. to Fla. Rule of Civ. Pro. 1.510*, 309 So. 3d at 192-93. The key points are worth reiterating here.

First, those applying new rule 1.510 must recognize the fundamental similarity between the summary judgment standard and the directed verdict standard. *See Anderson*, 477 U.S. at 251 (noting that "the inquiry under each is the same"). Both standards focus on "whether the evidence presents a sufficient disagreement to require submission to a jury." *Id.* at 251-52. And under both standards "[t]he substantive evidentiary burden of proof that the respective parties must meet at trial is the only touchstone that accurately measures whether a genuine issue of material fact exists to be tried." Thomas Logue & Javier Alberto Soto, *Florida Should Adopt the Celotex Standard for Summary Judgments*, 76 Fla. Bar J., Feb. 2002, at 26; *see also Anderson*, 477 U.S. at 255.

Second, those applying new rule 1.510 must recognize that a moving party that does not bear the burden of persuasion at trial can obtain summary judgment without disproving the nonmovant's case. Under *Celotex* and therefore the new rule, such a movant can

satisfy its initial burden of production in either of two ways: "[I]f the nonmoving party must prove *X* to prevail [at trial], the moving party at summary judgment can either produce evidence that *X* is not so or point out that the nonmoving party lacks the evidence to prove *X*." *Bedford v. Doe*, 880 F.3d 993, 996-97 (8th Cir. 2018). "A movant for summary judgment need not set forth evidence when the nonmovant bears the burden of persuasion at trial." *Wease v. Ocwen Loan Servicing, L.L.C.*, 915 F.3d 987, 997 (5th Cir. 2019).

And third, those applying new rule 1.510 must recognize that the correct test for the existence of a genuine factual dispute is whether "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. Under our new rule, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). In Florida it will no longer be plausible to maintain that "the existence of *any* competent evidence creating an issue of fact, however credible or incredible, substantial or trivial, stops the inquiry and precludes

summary judgment, so long as the 'slightest doubt' is raised." Bruce J. Berman & Peter D. Webster, *Berman's Florida Civil Procedure* § 1.510:5 (2020 ed.) (describing Florida's pre-amendment summary judgment standard).

**The *Celotex* Trilogy and Other Case Law**

It would be "difficult to overstate how important the [*Celotex*] trilogy remains for summary-judgment practice today." 2 Steven S. Gensler & Lumen N. Mulligan, *Federal Rules of Civil Procedure, Rules and Commentary* rule 56 (2021 ed.). Nonetheless, some of the commenters questioned the wisdom of specifically naming the *Celotex* trilogy in the text of our rule. They noted that the text of federal rule 56 has changed since those cases and that case law interpreting and applying the federal rule has developed significantly since 1986. These commenters also expressed concern that naming the *Celotex* trilogy could be taken as mandating that our new rule be interpreted *only* in light of those cases.

The new rule will continue to require adherence to "the federal summary judgment standard," which itself cannot be understood apart from the *Celotex* trilogy. But we have removed the textual

reference to the cases themselves.[3]  We recognize that "30 years of practice under the trilogy has refined and added to the trilogy." Gensler & Mulligan, *supra.*  And naturally, courts applying the new rule must be guided not only by the *Celotex* trilogy, but by the overall body of case law interpreting federal rule 56.

In any event, adopting the text of federal rule 56 almost verbatim has made it unnecessary to list specific cases in new rule 1.510.  That is because our act of transplanting federal rule 56 brings with it the "old soil" of case law interpreting that rule.  *See Fla. Hwy. Patrol v. Jackson*, 288 So. 3d 1179, 1183 (Fla. 2020) ("[I]f a word is obviously transplanted from another legal source, whether the common law or other legislation, it brings the old soil with it." (quoting Felix Frankfurter, *Some Reflections on the Reading of Statutes*, 47 Colum. L. Rev. 527, 537 (1947))).

---

3.  A Court Note will instead explain that "[t]he 'federal summary judgment standard' refers to the principles announced in *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986), and *Matsushita Electric Industrial. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986), and more generally to case law interpreting Federal Rule of Civil Procedure 56."

## The Movant's Burden of Production

One commenter recommended that the Court amend rule 1.510 to elaborate on what the parties litigating a summary judgment motion must do to meet their respective burdens under the rule. In a proposal derived from the decision in *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112 (11th Cir. 1993), this commenter suggested text that goes well beyond the level of specificity found in federal rule 56. On balance, we believe that there is greater benefit in maintaining consistency between rule 1.510 and federal rule 56 than in addressing this issue more thoroughly in the new rule's text.

Nonetheless, as to a summary judgment movant's initial burden of production,[4] we emphasize that "[w]here the nonmovant bears the ultimate burden of persuasion [at trial] on a particular issue . . . the requirements that Rule 56 imposes on the moving party are not onerous." *Modrowski v. Pigatto*, 712 F.3d 1166, 1168

---

4. The movant's initial burden of production is distinct from the movant's burden of persuasion on the summary judgment motion and from a party's burden of persuasion at trial. *See, e.g, Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000) (explaining the various burdens and the "vocabulary used for discussing summary judgments").

(7th Cir. 2013). We echo the Eighth Circuit Court of Appeals' observation that the movant's initial burden of production in this circumstance is "far from stringent" and that it can be "regularly discharged with ease." *Bedford*, 880 F.3d at 996 (citation omitted). Of course, it is equally important to emphasize that, before being subjected to summary judgment because of the absence of evidence, the nonmovant must have been afforded "adequate time for discovery." *Celotex*, 477 U.S. at 322.

## The Trial Court's Reasons for Granting or Denying Summary Judgment

Where federal rule 56(a) says that the court *should* state on the record its reasons for granting or denying a summary judgment motion, new rule 1.510(a) says that the court *shall* do so. The wording of the new rule makes clear that the court's obligation in this regard is mandatory.

To comply with this requirement, it will not be enough for the court to make a conclusory statement that there is or is not a genuine dispute as to a material fact. The court must state the reasons for its decision with enough specificity to provide useful guidance to the parties and, if necessary, to allow for appellate

review.  On a systemic level, we agree with the commenters who said that this requirement is critical to ensuring that Florida courts embrace the federal summary judgment standard in practice and not just on paper.

**Time for Filing and Responding to Summary Judgment Motions**

The Attorney General and other commenters encouraged the Court to amend the timing-related aspects of rule 1.510 to reduce gamesmanship and surprise and to allow for more deliberative consideration of summary judgment motions.  Most commenters also told us that the deadlines for filing and responding to summary judgment motions should stay tied to a hearing date—a feature of Florida practice that contrasts with federal practice, where summary judgment hearings are much less frequent.

We believe that these comments have merit.  New rule 1.510 therefore says that a summary judgment motion must be filed at least 40 days before the time fixed for a hearing.  The new rule further says that the nonmovant must respond with its supporting factual position at least 20 days before the hearing.

**The New Rule's Application to Pending Cases**

New rule 1.510 takes effect on May 1, 2021. This means that the new rule must govern the adjudication of any summary judgment motion decided on or after that date, including in pending cases. *Cf. Love v. State*, 286 So. 3d 177, 187-88 (Fla. 2019).

In cases where a summary judgment motion was denied under the pre-amendment rule, the court should give the parties a reasonable opportunity to file a renewed summary judgment motion under the new rule. *See Wilsonart, LLC v. Lopez*, 308 So. 3d 961, 964 (Fla. 2020). In cases where a pending summary judgment motion has been briefed but not decided, the court should allow the parties a reasonable opportunity to amend their filings to comply with the new rule. Any pending rehearing of a summary judgment motion decided under the pre-amendment rule should be decided under the pre-amendment rule, subject of course to a party's ability to file a renewed motion for summary judgment under the new rule.

**Conclusion**

The Florida Rules of Civil Procedure are amended as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The

- 13 -

amendments shall become effective May 1, 2021, at 12:01 a.m.

Rehearing does not affect the effective date.

It is so ordered.

CANADY, C.J., and POLSTON, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.
LABARGA, J., dissents with an opinion.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

LABARGA, J., dissenting.

For the reasons expressed in my dissenting opinion in *In re Amendments to Florida Rule of Civil Procedure 1.510*, 309 So. 3d 192 (Fla. 2020), I adhere to my dissent to the adoption of the federal summary judgment standard in Florida's state courts. Thus, I respectfully dissent to the Court's adoption of the amendments to rule 1.510, Florida Rules of Civil Procedure.

Original Proceeding – Florida Rules of Civil Procedure

Evelyn Fletcher Davis on behalf of  Hawkins Parnell & Young LLP, Atlanta, Georgia; Jennifer Marie Voss, Tampa, Florida, and Daniel B. Rogers on behalf of Shook, Hardy & Bacon, LLP, Miami, Florida; Patrick F. Clark of Ogletree, Deakins, Nash, Smoak & Stewart, P.C., Atlanta, Georgia; Charles E. Bailes III on behalf of ABC Fine Wine & Spirits, Orlando, Florida; Frank Cruz-Alvarez of Shook, Hardy & Bacon, LLP on behalf of Associated Industries of Florida, Florida Insurance Council, Federation of Defense & Corporate Counsel, NFIB Small Business Legal Center, Coalition for Litigation Justice, Inc., American Property Casualty Insurance Association,

Washington Legal Foundation, AdvaMed--Advanced Medical Technology Association, Florida Defense Lawyers Association, DRI-The Voice of the Defense Bar, International Association of Defense Counsel, Association of Defense Trial Attorneys, American Tort Reform Association, National Association of Mutual Insurance Companies, Product Liability Advisory Council, Inc., Miami, Florida; Derek J. Angell on behalf of Bell & Roper, P.A., Orlando, Florida; Charles S. Caulkins on behalf of Fisher & Phillips LLP, Fort Lauderdale, Florida; Matthew Penland on behalf of Cypress Truck Lines, Jacksonville, Florida; Dinah Stein and Mark Hicks of Hicks, Porter, Ebenfeld & Stein, P.A., on behalf of The Doctors Company and the Florida Medical Association, Miami, Florida; Rafael E. Martinez, Thomas Earle Dukes III, Mary Jaye Hall, and Philip F. Moring on behalf of McEwan, Martinez, Dukes & Hall, P.A., Orlando, Florida; Scott A. Cole on behalf of Cole, Scott & Kissane, P.A., Miami, Florida; Kenneth S. Armstrong on behalf of Florida Trucking Association, Tallahassee, Florida; Scott B. Albee on behalf of Fulmer, LeRoy & Albee, PLLC, St. Petersburg, Florida; Peter R. Goldman of Nelson Mullins Broad and Cassel, Fort Lauderdale, Florida; John W. Weihmuller and Matthew J. Lavisky on behalf of Butler Weihmuller Katz Craig LLP, Tampa, Florida; Jimmy Davis on behalf of Davis Express, Starke, Florida; Philip Fulmer on behalf of Carroll Fulmer Logistics Corporation, Groveland, Florida; Timothy J. Ferguson and Eduardo J. Medina on behalf of Foley & Mansfield, P.L.L.P., Miami, Florida; Karina Bodnieks and Lars O. Bodnieks of Quintairos, Prieto, Wood & Boyer, P.A., Miami, Florida; Daniel J. Santaniello and Daniel S. Weinger on behalf of Luks, Santaniello, Petrillo & Cohen, Fort Lauderdale, Florida; Dr. Frank Gable, Estero, Florida; Jason M. Hand on behalf of Florida Senior Living Association, Tallahassee, Florida; Kimberly K. Berman, Ryan D. Burns, Alan C. Nash, and Michael A. Packer, Fort Lauderdale, Florida, Bradley P. Blystone and Thomas F. Brown, Orlando, Florida, Michael Archibald and James Patrick Hanratty on behalf of Marshall Dennehey Warner Coleman & Goggin, Jacksonville, Florida; Ashley Moody, Attorney General, Amit Agarwal, Solicitor General, James H. Percival, Chief Deputy Solicitor General, and Jason H. Hilborn, Assistant Solicitor General, on behalf of the State of Florida, Tallahassee, Florida; Austin Carr of Parafinczuk Wolf, Fort Lauderdale, Florida; Carol M. Bishop and Rhonda B. Boggess

on behalf of Marks Gray, P.A., Jacksonville, Florida; Daniel A. Rock on behalf of Bowman and Brooke LLP, Miami, Florida; Samuel A. Danon, Gustavo J. Membiela, and Jamie Zysk Isani on behalf of Hunton Andrews Kurth LLP, Miami, Florida; Gabrielle R. Mercadante, Eugene P. Murphy, Audrey Elizabeth Dias, and Stephanie N. Williams of Robinson & Cole, Miami, Florida; James C. Pointdexter on behalf of National Employment Lawyers Association - Florida Chapter, Jacksonville, Florida; Eric B. Jontz of Fishback Dominick, Winter Park, Florida; Jennifer Miller of Hamilton, Miller & Birthisel, LLP, Miami, Florida; Amanda Bowen on behalf of Manufacturers Association of Florida, Tallahassee, Florida; Michael R. D'Lugo and Richards H. Ford of Wicker, Smith, O'Hara, McCoy & Ford, P.A., Orlando, Florida; Kansas R. Gooden on behalf of Boyd & Jenerette, P.A., Miami, Florida; Jennifer L. Hall on behalf of American Trucking Associations, Arlington, Virginia; Peter W. Zinober on behalf of Ogletree, Deakins, Nash, Smoak & Stewart, P.C., Tampa, Florida; William Roppolo, Jodi Avila, and Benjamin Davis on behalf of Baker & McKenzie, LLP, Miami, Florida; David Armellini on behalf of Armellini Express Lines Inc, Palm City, Florida; Edward G. Guedes of Weiss Serota Helfman Cole & Bierman, P.L., on behalf of Publix Super Markets, Inc., Coral Gables, Florida; Sylvia H. Walbolt, Douglas J. Chumbley, Jeffrey A. Cohen, and Thomas J. Meeks of Carlton Fields Jorden Burt, P.A., Miami, Florida; Wendy F. Lumish of Bowman and Brooke LLP, Miami, Florida, and Quentin F. Urquhart Jr., on behalf of Lawyers for Civil Justice, Arlington, Virginia; Ceci Culpepper Berman, Chair, Civil Procedure Rules Committee, Tampa, Florida, Joshua E. Doyle, Executive Director, and Mikalla Andies Davis, Bar Liaison, The Florida Bar, Tallahassee, Florida; Jonathan Lee Blackmore on behalf of GrayRobinson, P.A., Fort Lauderdale, Florida; William W. Large on behalf of Florida Justice Reform Institute, Tallahassee, Florida; William T. Cotterall on behalf of Florida Justice Association, Tallahassee, Florida; Troy A. Fuhrman on behalf of Hill Ward Henderson, Tampa, Florida, and Brian Charles Lea on behalf of Jones Day, Atlanta, Georgia; Anne-Marie Estevez of Morgan, Lewis & Bockius LLP on behalf of Retail Litigation Center, Inc., Miami, Florida; George N. Meros Jr. of Shutts & Bowen, Tallahassee, Florida; Reed W Grimm on behalf of Taylor, Day, Grimm & Boyd, Jacksonville, Florida; Joseph S. Van de Bogart of Van de Bogart

Law, P.A., and James Burton Murphy, Jr. of James B. Murphy Jr. Mediations on behalf of the Business Law Section of The Florida Bar, Fort Lauderdale, Florida; Frederick Charles Morello on behalf of Frederick C. Morello, P.A., Daytona Beach, Florida; Mark Wilson on behalf of Florida Chamber of Commerce Litigation and Regulatory Reform Center and Harold Kim on behalf of U.S. Chamber Institute for Legal Reform, Washington, District of Columbia; and Scott M. Edson, Washington, District of Columbia, William L. Durham II and Val Leppert of King & Spalding LLP, Atlanta, Georgia,

Responding with comments

**APPENDIX**

**Rule 1.510. Summary Judgment**

(a) ~~For Claimant.~~**Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court shall state on the record the reasons for granting or denying the motion. The summary judgment standard provided for in this rule shall be construed and applied in accordance with the federal summary judgment standard. ~~A party seeking to recover on a claim, counterclaim, crossclaim, or third-party claim or to obtain a declaratory judgment may move for a summary judgment in that party's favor on all or any part thereof with or without supporting affidavits at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party.~~

(b) ~~For Defending Party.~~**Time to File a Motion.** A party may move for summary judgment at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party. The movant must serve the motion for summary judgment at least 40 days before the time fixed for the hearing. ~~A party against whom a claim, counterclaim, crossclaim, or third-party claim is asserted or a declaratory judgment is sought may move for a summary judgment in that party's favor as to all or any part thereof at any time with or without supporting affidavits.~~

(c) ~~Motion and Proceedings Thereon.~~**Procedures.**

(1) *Supporting Factual Positions*. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

- 18 -

(2) *Objection That a Fact Is Not Supported by Admissible Evidence*. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

(3) *Materials Not Cited*. The court need consider only the cited materials, but it may consider other materials in the record.

(4) *Affidavits or Declarations*. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

(5) *Timing for Supporting Factual Positions*. At the time of filing a motion for summary judgment, the movant must also serve the movant's supporting factual position as provided in subdivision (1) above. At least 20 days before the time fixed for the hearing, the nonmovant must serve a response that includes the nonmovant's supporting factual position as provided in subdivision (1) above. ~~The motion must state with particularity the grounds upon which it is based and the substantial matters of law to be argued and must specifically identify any affidavits, answers to interrogatories, admissions, depositions, and other materials as would be admissible in evidence ("summary judgment evidence") on which the movant relies. The movant must serve the motion at least 20 days before the time fixed for the hearing, and must also serve at that time a copy of any summary judgment evidence on which the movant relies that has not already been filed with the court. The adverse party must identify, by notice served pursuant to Florida Rule of Judicial Administration 2.516 at least 5 days prior to the day of the hearing if service by mail is authorized, or delivered, electronically filed, or sent by e-mail no later than 5:00 p.m. 2 business days prior to the day of the hearing, any summary judgment evidence on which the adverse party relies. To the extent that summary judgment evidence has not already been filed with the court, the adverse party must serve a copy on the movant pursuant to Florida Rule of Judicial Administration 2.516 at least 5 days prior to the day of the hearing if service by mail is authorized, or by delivery, electronic filing, or sending by e-mail no later than 5:00 p.m. 2 business days prior to the day of hearing. The judgment sought must be rendered immediately if the pleadings and summary judgment evidence on file show that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages. The summary judgment~~

- 19 -

~~standard provided for in this rule shall be construed and applied in accordance with the federal summary judgment standard articulated in~~ *~~Celotex Corp. v. Catrett~~*~~, 477 U.S. 317 (1986);~~ *~~Anderson v. Liberty Lobby, Inc.~~*~~, 477 U.S. 242 (1986); and~~ *~~Matsushita Elec. Indus. Co. v. Zenith Radio Corp.~~*~~, 475 U.S. 574 (1986).~~

**(d)** ~~**Case Not Fully Adjudicated on Motion.**~~**When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.~~On motion under this rule if judgment is not rendered on the whole case or for all the relief asked and a trial or the taking of testimony and a final hearing is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, must ascertain, if practicable, what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It must then make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. On the trial or final hearing of the action the facts so specified must be deemed established, and the trial or final hearing must be conducted accordingly.~~

**(e)** ~~**Form of Affidavits; Further Testimony.**~~**Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by rule 1.510(c), the court may:

(1) give an opportunity to properly support or address the fact;

(2) consider the fact undisputed for purposes of the motion;

(3) grant summary judgment if the motion and

supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or

      (4) issue any other appropriate order.~~Supporting and opposing affidavits must be made on personal knowledge, must set forth such facts as would be admissible in evidence, and must show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all documents or parts thereof referred to in an affidavit must be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.~~

    **(f)** ~~**When Facts Are Unavailable to the Nonmovant.**~~**Judgment Independent of the Motion.** After giving notice and a reasonable time to respond, the court may:

      (1) grant summary judgment for a nonmovant;

      (2) grant the motion on grounds not raised by a party; or

      (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.~~If it appears from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.~~

    **(g)** ~~**Affidavits Made in Bad Faith.**~~**Failing to Grant All the Requested Relief.** If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact—including an item of damages or other relief—that is not genuinely in dispute and treating the fact as established in the case.~~If it appears to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court must immediately order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur, including reasonable attorneys' fees, and any offending party or attorney may be adjudged guilty of contempt.~~

    **(h) Affidavit or Declaration Submitted in Bad Faith.** If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay,

the court—after notice and a reasonable time to respond—may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

## Court Notes

**2021 Amendment.** The rule is amended to adopt almost all the text of Federal Rule of Civil Procedure 56. The "federal summary judgment standard" refers to the principles announced in *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986), and *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986), and more generally to case law interpreting Federal Rule of Civil Procedure 56.

## Committee Notes

[No Change]