# SIXTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Case No. 6D2023-3091
Lower Tribunal No. 2018-CA-002917-O

_____

WALGREEN COMPANY,

Appellant,

v.

MONICA PAPPALARDO and DYNASERV FLORIDA, LLC,

Appellees.

_____

Appeal from the Circuit Court for Orange County.
Jeffrey L. Ashton, Judge.

June 5, 2026

WHITE, J.

This is an appeal from final judgments based on orders granting motions for summary judgment in favor of Dynaserv Florida, LLC ("Dynaserv"), and against Monica Pappalardo ("Plaintiff"), and Walgreen Company ("Walgreen"). Because the trial court erred by granting Dynaserv's motion for partial summary judgment on Walgreen's crossclaim for contractual indemnity alleged in Count V (the "Count V Crossclaim"), we reverse the final judgment and order against Walgreen, as to the

Count V Crossclaim only. In all other respects, we affirm the final judgments and orders without further discussion.

## Background

Plaintiff sued Walgreen and Dynaserv. She alleged that, while walking on the sidewalk on the side of Walgreen's store, she tripped and fell due to a raised, uneven portion of sidewalk and suffered severe bodily injuries. Plaintiff asserted negligence claims against Walgreen and Dynaserv. As to Walgreen, she alleged Walgreen breached its non-delegable duties to her as an invitee, resulting in her falling and suffering injuries. In Plaintiff's claim against Dynaserv, she alleged that Dynaserv had duties to her because of Dynaserv's contractual obligations to Walgreen, and Dynaserv's breach of those duties caused her to fall and suffer injuries.

In turn, Walgreen asserted several crossclaims against Dynaserv. The Count V Crossclaim alleged that Walgreen had a contract with Dynaserv that required the latter to: conduct weekly inspections of the premises outside Walgreen's store; notify Walgreen of noticeable defects on those premises within 24 hours of completing work; report immediately to Walgreen health or safety issues on those premises; and notify Walgreen of noticeable maintenance problems or hazards on those premises. Walgreen further alleged that Dynaserv did not notify it of any dangerous conditions related to potential trip hazards or raised sections of the sidewalk as a trip hazard, before Plaintiff allegedly tripped and fell.

2

The Count V Crossclaim also asserted that Walgreen's contract with Dynaserv contained the following provision:

**10.  INDEMNIFICATION.**

10.1  Indemnification by Service Provider.[1]

(a)  General Indemnity.  Service Provider will indemnify, defend and hold harmless (collectively, "**indemnification**" or "**indemnify**") Walgreen, its Affiliates, and their respective officers, directors, employees and agents ("**Walgreen Indemnified Parties**") from and against any and all demands, judgments (including applicable pre-judgment and post-judgment interest, if any), awards, losses, damages, costs, penalties, expenses, claims and liabilities, including reasonable attorney's fees, witness fees and court costs, and any other losses and liabilities of any kind or nature whatsoever (collectively, "**Damages**") of, or awarded to, or settled with third parties in third-party claims or actions, and the costs of Walgreen in enforcing this indemnification obligation, in each case arising out of any of the following:  (i) the negligent acts or omissions, or intentional misconduct, of Service Provider, its subcontractor or the Service Provider Personnel under the Agreement; (ii) any breach by Service Provider of the Agreement; and (iii) claims arising out of or relating to the Agreement brought by Service Provider personnel, contractors, subcontractors, or Service Provider's subcontractor personnel. Additionally, Service Provider will indemnify, defend and hold harmless the Walgreen Indemnified Parties from and against any and all Damages, and the costs of Walgreen in enforcing this indemnification obligation, arising out of or in connection with bodily harm, death and/or loss and damage to real and tangible personal property caused by the negligence or willful misconduct of Service Provider or any Service Provider Affiliate or subcontractor, or by their respective personnel.

Walgreen claimed it demanded that Dynaserv defend it, indemnify it and hold it harmless from Plaintiff's claims but Dynaserv refused to do so.

---

[1] The contract designated Dynaserv as "Service Provider."

After Dynaserv successfully moved for summary judgment against Plaintiff, it filed a motion for partial summary judgment on the Count V Crossclaim. In the motion, Dynaserv did not dispute the facts or contractual provisions alleged in the Count V Crossclaim. Instead, it argued that it was entitled to partial summary judgment because Walgreen was seeking contractual indemnity for its own negligence. Although Dynaserv acknowledged that Walgreen could seek contractual indemnification for its vicarious liability for Dynaserv's negligence, such a claim was precluded because Plaintiff sued Walgreen for allegedly breaching a non-delegable duty, not for vicarious liability. Dynaserv further argued that the trial court had previously held that Dynaserv had no liability to Plaintiff because it had no duty to her.

Walgreen responded that Dynaserv was mistaken in its belief that Walgreen was seeking indemnification for its own negligence. Rather, Walgreen was seeking contractual indemnity for Dynaserv's negligent failure to comply with its contractual obligation to notify Walgreen of the potential hazard that allegedly caused Plaintiff's fall. Walgreen further asserted it could seek contractual indemnity, despite Plaintiff's allegations that Walgreen violated a non-delegable duty, because those allegations were not controlling and could not vitiate its indemnification claim.

The trial court granted Dynaserv's motion. The order stated that Walgreen could only seek indemnification for liability incurred due to Dynaserv's negligence.[2] The trial court did not address the allegations of the Count V Crossclaim, or Walgreen's argument, regarding contractual indemnity based on Dynaserv's negligent noncompliance with its contractual obligation to notify Walgreen of the potential hazard Plaintiff alleged had caused her fall. Instead, the trial court declared that, since Dynaserv owed no duty to Plaintiff, Dynaserv owed no contractual indemnity to Walgreen because such claim was based on Plaintiff's claim of Dynaserv's negligence.

Later, the trial court entered summary judgment orders on Walgreen's other crossclaims, then entered two final judgments, one against Plaintiff and one against Walgreen. This timely appeal followed.

**Analysis**

We review a grant of summary judgment de novo. *Pial Holdings, LTD v. Riverfront Plaza, LLC*, 379 So. 3d 547, 550 (Fla. 6th DCA 2024). The Florida Supreme Court has aligned Florida's summary judgment standard with the federal summary judgment standard. *See In re Amends. to Fla. R. Civ. P. 1.510*, 317 So. 3d 72, 73–74 (Fla. 2021). "The court shall grant summary judgment if the movant

---

[2] Walgreen concedes on appeal, as it did in trial court, that the contract does not require Dynaserv to indemnify Walgreen for Walgreen's negligence.

shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fla. R. Civ. P. 1.510(a) (2022).

Under the rule, a movant who does not bear the burden of proof at trial may meet its initial burden of production in two ways: "[I]f the nonmoving party must prove *X* to prevail [at trial], the moving party at summary judgment can either produce evidence that *X* is not so or point out that the nonmoving party lacks the evidence to prove *X*." *In re Amends. to Fla. R. Civ. P. 1.510*, 317 So. 3d at 75 (quoting *Bedford v. Doe*, 880 F.3d 993, 996–97 (8th Cir. 2018)). Unless the movant satisfies its initial burden, the nonmovant is not required to submit evidence. *See Pial Holdings*, 379 So. 3d at 550–51; *Bedford*, 880 F.3d at 997.

We also review a trial court's interpretation of a contract de novo. *Pial Holdings*, 379 So. 3d at 551. "Indemnity contracts are subject to the general rules of contractual construction; thus, an indemnity contract must be construed based on the intentions of the parties." *Dade Cnty. Sch. Bd. v. Radio Station WQBA*, 731 So. 2d 638, 643 (Fla. 1999).

> Where a contract's terms are clear and unambiguous, we must glean the parties' intent from the four corners of the document. *See Crawford v. Barker*, 64 So. 3d 1246, 1255 (Fla. 2011). Ambiguity exists only when contractual language "is susceptible to more than one reasonable interpretation." *Penzer v. Transp. Ins.*, 29 So. 3d 1000, 1005 (Fla. 2010).

*Pial Holdings*, 379 So. 3d at 551.

6

Walgreen argues that the trial court erred by ignoring both the allegations of the Count V Crossclaim and its argument opposing summary judgment, then holding that, since Dynaserv owed no duty to Plaintiff, the Count V Crossclaim was precluded because that claim was based on Plaintiff's negligence claim against Dynaserv. We agree.

Unlike common law indemnity, "contractual indemnity is not concerned with 'special relationships' or vicarious, constructive, derivative or technical liability; it is concerned with the express terms of the agreement to indemnify." *Camp, Dresser & McKee, Inc. v. Paul N. Howard Co.*, 853 So. 2d 1072, 1077 (Fla. 5th DCA 2003). Therefore, the Count V Crossclaim's validity turns on the terms of the indemnification provision—whether Dynaserv owed a duty to Plaintiff is irrelevant. Furthermore, Plaintiff's allegations in her claim against Walgreen cannot vitiate the Count V Crossclaim. *See Highwoods Props., Inc. v. Millar Elevator Serv. Co.*, 247 So. 3d 639, 643 (Fla. 1st DCA 2018). This is true despite Plaintiff's allegations that Walgreen breached a non-delegable duty. *See id.*

The indemnification provision in the contract requires Dynaserv to indemnify Walgreen "from and against any and all demands, judgments[,] . . . awards, losses, damages, costs, penalties, expenses, claims and liabilities, . . . and any other losses and liabilities of any kind or nature whatsoever . . . arising out of" Dynaserv's "negligent acts or omissions" or its "breach" of the contract. The Count V

7

Crossclaim specifically alleged that Dynaserv failed to comply with its contractual duty to notify Walgreen of the dangerous condition related to the raised section of the sidewalk that allegedly caused Plaintiff to trip and fall.

In the trial court, Dynaserv had the initial burden to "either produce evidence" that it did not fail to comply with the contract or "point out that [Walgreen] lacks the evidence to prove" it failed to comply with the contract. *In re Amends. to Fla. R. Civ. P. 1.510*, 317 So. 3d at 75 (quoting *Bedford*, 880 F.3d at 997). Dynaserv did neither. Therefore, Walgreen had no obligation to submit evidence supporting the Count V Crossclaim. *See Pial Holdings*, 379 So. 3d. at 550–51; *Bedford*, 880 F.3d at 997. Given Walgreen's allegations and the clear, unambiguous language of the indemnification provision,[3] coupled with Dynaserv's failure to meet its initial burden, we conclude that Dynaserv was not "entitled to judgment as a matter of law" on the Count V Crossclaim. Fla. R. Civ. P. 1.510(a).

On appeal, Dynaserv reiterates the same meritless arguments it made in the trial court, which we have already addressed. Dynaserv also argues that, even if it failed to notify Walgreen about the raised section of the sidewalk, it has no liability for contractual indemnity because it had no control over Walgreen's premises, and the contract did not require Walgreen to act on any information provided by

---

[3] Dynaserv does not argue that the Count V Crossclaim inaccurately alleges the terms of its contract with Walgreen, or that the indemnification provision is unclear or ambiguous.

Dynaserv. In support of that argument, it cites *Cascante v. 50 State Sec. Serv., Inc.*, 300 So. 3d 283 (Fla. 3d DCA 2019).

The *Cascante* court affirmed summary judgment in favor of a security company, which had a contract with Miami-Dade County, on a negligent security claim brought by a plaintiff injured in the County's parking garage. *See id.* at 284–85. In that context, the Third District conducted its review and ultimately concluded that the security company had no tort duty to Plaintiff because the contract did not displace the County's duty to protect garage patrons. *See id.* at 285–88. Obviously, *Cascante* is inapposite here because that case had nothing to do with a contractual indemnity claim. Simply put, a defendant may have no tort duty to a non-party to a contract but still have a contractual duty to a party to a contract. *See Radio Station WQBA*, 731 So. 2d at 643; *Camp, Dresser & McKee, Inc.*, 853 So. 2d at 1077.

## Conclusion

For all the foregoing reasons, we reverse the final judgment and order against Walgreen on the Count V Crossclaim, and remand for further proceedings consistent with this opinion. Otherwise, we affirm the appealed final judgments and orders.

AFFIRMED in part; REVERSED in part; REMANDED with instructions.

TRAVER, C.J., and MIZE, J., concur.

Peter D. Webster, of Carlton Fields, Tallahassee, and Jeffrey A. Cohen and Paul L. Nettleton, of Carlton Fields, Miami, for Appellant.

9

Charles M-P "Chip" George, of Law Offices Charles M-P George, Coral Gables, and Christopher W. Wadsworth and Joseph H. Harrington, of Wadsworth, Margrey & Dixon, Miami, for Appellee, Dynaserv Florida, LLC.

No Appearance for Appellee, Monica Pappalardo.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED